## DRAPER *v.* STATE

[No. 289, September Term, 1962.]

424

*Decided May 10, 1963.*

*Motion for review filed by the appellant in proper person May 21, 1963, denied June 14, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Tucker R. Dearing,* with whom was *Harry D. Barnes,* on the brief, for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Walter M.*

*Baker, State's Attorney for Cecil County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted and tried on charges of forgery, uttering and false pretences. After the jury brought in a general verdict of guilty he was sentenced to ten years in the Maryland Penitentiary. The appeal challenges the sufficiency of the evidence.

The testimony shows that the appellant drove into an Esso Station in Elkton, next door to the County jail, on July 31, 1962. He had a rebuilt starter installed in his car and the proprietor, Fears, billed him for $24.74. Draper presented a check dated July 30, purportedly signed by "Edna Ratteree", whose name was printed on the check along with her account number, made payable to Roscoe Jones in the sum of sixty-two dollars, and drawn on the Bank of Delaware, Wilmington, Delaware. Fears would not accept the check, and told the appellant he would have to leave the car there until he could pay in cash. Draper then went down town and returned with twenty dollars in cash. He asked Fears to hold the check and promised to return the next day with the balance of $4.74. Fears then released the car. Next day, Fears saw a trooper bringing the appellant into the jail, and turned the check he was holding over to the police.

The appellant was stopped on August 1, 1962, for a registration and license check. He had temporary tags on his car. The vehicle was registered in the name of Roscoe Jones. The appellant was arrested because he had no driver's license, and signed a summons in the name of Roscoe Jones. Because he had no money to pay the fine, he was placed in jail. Three checks were found in his car, with the name Edna Ratteree printed on them. One was filled in for fifty-five dollars, payable to Roscoe Jones.

At the trial of the instant case, Trooper Dunton testified that the appellant told him he had stolen the car and found the checks in it, although he admitted "filling out" two of

them. However, investigation disclosed that the car had been sold to Draper, using the name of Roscoe Jones, and a purchaser's receipt, signed by Jones, was put in evidence through the seller. Mrs. Edna Ratteree Ellis, testified that she had an account with the Bank of Delaware at the time of the occurrence in question, and that she had ordered some monogrammed checks which did not arrive. She testified that the checks offered in evidence were not signed by her. A handwriting expert testified that the two checks had been filled out by the same person who signed a summons and the Delaware registration card for temporary tags in the name of Roscoe Jones.

We think the evidence was legally sufficient to support all three charges. The admission that Draper "filled out" the check offered to Fears, and the testimony that the payee's name was in the same handwriting as the summons and receipt he signed, if believed, would permit an inference that he was the person who, in some way, obtained unauthorized possession of the monogrammed checks which Mrs. Ellis testified she did not sign, and signed her name thereto. Indeed, the mere filling in of the fictitious name of the payee and the amount, might be enough to constitute forgery, even if another unauthorized person had signed the name of the purported drawer. Cf. *Bishop v. State,* 55 Md. 138 and *Lyman v. State,* 136 Md. 40. The fact that the check was not indorsed or negotiated is not determinative. See *Norton v. State,* 109 N. W. 531 (Wisc.), *Montgomery v. Commonwealth,* 224 S. W. 878 (Ky.) and note 164 A.L.R. 621. Cf. *Nelson v. State,* 224 Md. 374, 377.

The mere offer of a false instrument with fraudulent intent constitutes an uttering regardless of its successful consummation. *Levy v. State,* 225 Md. 201. We may also note that under the general verdict a conviction of uttering would have alone sufficed to sustain the judgment appealed from. See *Felkner v. State,* 218 Md. 300, 305 and *Nelson v. State, supra.* This would be true, even if the instrument had been entirely filled out by an unauthorized third person.

This was also evidence, from which we think the jury could properly find the appellant guilty of false pretenses, under Code (1957), Art. 27, sec. 140, as well. The necessity for reliance stressed in *Levy v. State, supra,* and *Marr v. State,* 227 Md.

510, 515, is met in the instant case by the evidence that Draper falsely represented himself to be the payee of the check and that Fears released the car, without payment of the balance due of $4.74, relying upon the validity of the forged check which he retained as security, at the appellant's request. We think this would be sufficient either under Code (1957), Art. 27, secs. 140 or 142. It is not contended that there was any lack of proof of fraudulent intent, under sec. 140.

*Judgment affirmed.*