WILLIAM HENRY BROWN *v.* STATE OF MARYLAND

[No. 318, Initial Term, 1967.]

 

 

 

 

 

*Decided November 13, 1967.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert J. Dougherty* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James F. Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

This is an appeal from a denial of a motion to dismiss indictments by Judge Joseph R. Byrnes in the Criminal Court of Baltimore.

On November 12, 1964 the appellant was committed to jail on four charges of robbery with a deadly weapon, two alleged to have occurred on October 24, 1964 and two on November 10, 1964. He was presented on the charges on November 19, 1964 and indicted on December 1, 1964 under indictments Nos. 4501, 4502, 4503 and 4504. He was arraigned on December 4, 1964 and pleaded "not guilty." Trial commenced before Judge Albert L. Sklar in the Criminal Court of Baltimore without a

jury on March 15, 1965 under indictments Nos. 4501, 4503 and 4504 and concluded on March 17, 1965, at which time he was convicted on the first count of each of the indictments. Sentence was deferred pending a motion for a new trial. Motion for a new trial was filed on March 22, 1965. The appellant was not called to trial on indictment No. 4502 and a stet was entered by the State on April 7, 1965. The record shows the following subsequent proceedings with respect to the convictions and indictments pertaining thereto:

| | |
|---|---|
| April 6, 1965 | Petition to prosecute a motion for a new trial as an indigent defendant. |
| April 8, 1965 | Order of court appointing counsel. |
| April 9, 1965 | Order of court extending time for filing the transcript extended to July 8, 1965. |
| June 16, 1965 | Transcript of testimony filed. |
| June 16, 1965 | Transcript of testimony, "Agreed Statement of Facts" together with certified copy of Docket Entries transmitted to the Clerk of the Supreme Bench of Baltimore City. |
| September 3, 1965 | Original and twelve copies of Defendant's memorandum filed as provided by Rule 30 of the Supreme Bench of Baltimore City. |
| October 7, 1965 | Original and twelve copies of reply to Defendant's memorandum filed by State. |
| January 18, 1966 | Motion to dismiss and vacate judgments filed. |
| January 25, 1966 | Motion for a new trial heard and granted. Case remanded for further proceedings. |
| May 9, 1966 | Oral motion to dismiss indictments made in open court, with counsel present. |
| May 9, 1966 | Order of court granting motion. |

The decision in *Schowgurow v. State,* 240 Md. 121, was filed on October 11, 1965 and it appears from the record that the reason for the motion to dismiss the indictments, filed January 18, 1966, was to invoke the rights of the appellant granted by that case. At the hearing on the motion on May 9, 1966, the

appellant orally made an election to declare invalid indictments Nos. 4501, 4503 and 4504 on the ground that the grand jury ·returning them was unconstitutionally constituted and by order of court the same date the indictments were dismissed, "the defendant, with counsel present, having intelligently and know- -ingly elected to dismiss" them. Prior thereto, on April 29, 1966, indictments Nos. 2017, 2018 and 2019 were filed charging the appellant with the same crimes charged by indictments Nos. 4501, 4503 and 4504. On May 4, 1966, indictment No. 2100 was filed charging the appellant with the crime with which he was charged under indictment No. 4502, which had been stetted by the State on April 7, 1965. At the hearing on May 9, 1966, the appellant refused to accept indictments Nos. 2017, 2018 and 2019, and, as it was indicated that counsel then representing him desired to withdraw, arraignment was postponed. At the hearing no mention was made of indictment No. 4502 or of indictment No. 2100. Other counsel was appointed and on July 1, 1966 the appellant appeared with that counsel in the Criminal Court of Baltimore for arraignment. Arraignment was again postponed at request of counsel. On August 2, 1966 the appellant, with counsel, appeared in the Criminal Court of Baltimore. The appellant accepted indictments Nos. 2017, 2018 and 2019 and a plea of not guilty was entered as to each. He indicated he desired to raise the question of "former jeopardy" and the court reserved to him "the right to file any motions you or your counsel have" and "the right of election of Court or Jury trial." The appellant objected for reasons not stated. No mention was made during those proceedings of indictment No. 4502 and indictment No. 2100. On August 12, 1966 the appellant filed, in proper person, a "motion for discovery and inspection" answered by the State on October 10, 1966. On October 28, 1966, according to the docket entries, the appellant was arraigned and pleaded not guilty to indictment No. 2100, charging him with the same crime charged in indictment No. 4502, which had been stetted. There is no transcript of the proceedings on this arraignment in the record. On November 3, 1966 a motion was filed to dismiss indictments Nos. 2017, 2018, 2019 and 2100 on the ground of "former or double jeopardy" and lack of a speedy trial. An answer was filed by the State on November

14, 1966 asserting that trial under the indictments would not place the appellant in "former or double jeopardy" and that he had not been denied a speedy trial. Hearing on the motion was held on November 29, 1966 in the Criminal Court of Baltimore before Judge Joseph R. Byrnes and denied after testimony by the appellant and proffer of all docket entries in evidence.

The substance of the appellant's contention on appeal is that the lower court erred in denying the motion to dismiss the indictments. He alleges that he was "prejudiced by being placed in former or double jeopardy under the indictments charging him with robbery with a deadly weapon" and that he was deprived of his right to a speedy trial.

It is clear that an appeal will lie, prior to a trial on the merits, from a denial of a motion alleging a denial of the constitutional right to a speedy trial. *Jones v. State,* 241 Md. 599; *Harris v. State,* 194 Md. 288; *Allen v. State,* 1 Md. App. 249. In *Harris,* the Court of Appeals said at page 294:

> "While it is perfectly true that an appeal will not lie from a judgment that is not final (*State v. Haas,* 188 Md. 63, 51 A. 2d 647), and ordinarily denial of a 'motion to quash' is not a final judgment, on the other hand it is just as true that when a prisoner claims that he has been denied a speedy trial and has thereby become entitled to be freed of further proceedings in a case, and his claim is decided against him, this is a final ruling denying his claimed right, from which an appeal will lie."

We think the same rationale applicable to a claim by an accused that he had been placed in jeopardy on the same offense for which he is again charged. If the claim were valid, he would be entitled to be freed of further proceedings in the case, as no man can be twice put in jeopardy for the same offense. *Smith v. State,* 1 Md. App. 297.

> "If 'twice put in jeopardy' meant only that the accused had a good defense *after* trial on the merits, instead of the right to avoid a trial on the merits, he would be subjected to harassment, expenses, and the

risk of a miscarriage of justice." *United States v. H. E. Koontz Creamery, Inc.,* 232 F. Supp. 312 (D. Md. 1964).

The Supreme Court has made it clear that the purpose of the double jeopardy prohibition, common law or constitutional, is to forbid a second trial for the same offense. See *Green v. United States,* 355 U. S. 184 (1957). It is apparent that only by a hearing on a motion, which it granted, would bar a second trial, can it be assured that an accused once placed in jeopardy shall not be retried. It follows that he must have a right to appeal from a denial of the motion, before a trial on the merits, and that he should not be subjected to a second trial to see if he *should* be tried a second time. We hold that an appeal will lie, prior to a trial on the merits, from a denial of a motion to dismiss indictments in which motion double jeopardy is alleged.

### INDICTMENTS NOS. 2017, 2018 and 2019
### and
### INDICTMENTS NOS. 4501, 4503 and 4504

#### Double Jeopardy

It has been establshed that when an accused has been tried on an invalid indictment, he is not in jeopardy and may be indicted and tried again. *Tate v. State,* 236 M. 312. The appellant, by his election to have the indictments involved in his first trial declared invalid under *Schowgurow v. State, supra,* brought his cases squarely within the rule set forth in *Tate* and, therefore, he would not be placed in double jeopardy by a trial on indictments Nos. 2017, 2018 and 2019. *Benton v. State,* 1 Md. App. 647; *Dixon v. State,* 1 Md. App. 623; *Sadler v. State,* 1 Md. App. 383.

#### Speedy Trial

In *Jones v. State,* 241 Md. 599, 608, the Court of Appeals quoted 22A C.J.S. *Criminal Law* § 647 (4):

"A speedy trial is, in general, one had as soon as the prosecution, with reasonable diligence, can prepare for it; a trial according to fixed rules, free from capricious

and oppressive delays, but the time within which it must be had to satisfy the guaranty depends on the circumstances."

We pointed out in *State v. Long and Nelson,* 1 Md. App. 326, 333, that an accused has the *right* to a speedy trial and that if he does not demand the right, he waives it. In the instant case, the first demand for a speedy trial was raised by the motion to dismiss on November 3, 1966. We find no capricious and oppressive delay in bringing the appellant to trial under indictments Nos. 4501, 4503 and 4504 originally returned against him. He was indicted on December 1, 1964, arraigned on December 4, 1964 and trial commenced on March 15, 1965. He made no request for an earlier trial. The short answer is that the right to a speedy trial is waived by going to trial without objection on the point. *Martel v. State,* 221 Md. 294. Any question raised by the delay occurring from the time of the filing of a motion for a new trial and its determination by the Supreme Bench of Baltimore City was rendered moot by the action of the appellant in moving to dismiss the indictments and vacate the judgments under *Schowgurow,* and in any event since a motion for a new trial and the hearing thereon does not constitute part of the trial, the appellant was not denied his right to a speedy trial because of such delay. *Ash v. State,* 238 Md. 317. Nor can we find any oppressive or capricious delay during the period of January 18, 1966, when the appellant filed his motion to dismiss the original indictments, to May 9, 1966 when his motion was granted. Here also, there was no question of a trial since the appellant had been tried on the indictments in question. New indictments were not returned against him until April 29, 1966 and if it be argued that had his motion been acted on more promptly, he could have been reindicted and retried sooner, we point out that no demand was made by the appellant. Further we cannot close our eyes to the administrative problems arising from the *Schowgurow* decision and cannot say that the State did not act with reasonable diligence. We do not feel that such delay, under the circumstances, was unreasonable, oppressive or capricious so as to deny the appellant his constitutional rights. It is clear from the history of the cases that any delay

in trial under indictments Nos. 2017, 2018 and 2019 was occasioned primarily by the appellant and even now he does not desire trial until the denial of his motion to dismiss is reviewed on appeal, as is his right.

We find no error in the denial of the lower court to dismiss indictments Nos. 2017, 2018 and 2019.

### INDICTMENT NO. 2100 and INDICTMENT NO. 4502

#### Double Jeopardy

It is obvious that the appellant will not be twice put in jeopardy by a trial under indictment No. 2100. A person is not in jeopardy until he is placed on trial before a court of competent jurisdiction. *Hochheimer, Law of Crimes and Criminal Procedure,* 1st Ed. § 71, p. 51. The appellant has never been placed on trial on the offense charged in indictment No. 2100. It charges the same offense as indictment No. 4502 on which he was never called to trial as it was stetted.

#### Speedy Trial

We have noted that the appellant was never called to trial under indictment No. 4502 and that the docket entries show that the case was stetted on April 7, 1965, after the conviction of the appellant on March 17, 1965 on three other offenses of robbery with a deadly weapon. If any proceedings relating to the entry of the stet took place, the record before us does not show them and thus it cannot be ascertained from the record the reasons for the stet,[1] whether the appellant consented or objected, or even whether he was informed that it was proposed or that he knew that the entry was made. At the time the case was stetted the entry could be made in the discretion of the prosecuting attorney. *Hochheimer, Law of Crimes and Criminal Procedure,* 1st Ed. § 210, p. 139. It was not until July 12, 1965 that Rule 718 was added to the Maryland Rules of Procedure,

---

1. Other than a notation on the face of the indictment, over the signature of an Assistant State's Attorney, "3/7/65 Mr. Clerk— Please Stet. Defendant has been found guilty in 3 other companion cases." He was not convicted until March 17, 1965.

providing that a case may be placed on the stet docket only by order of the court. The appellant was not called upon to make an election under *Schowgurow* whether or not to dismiss the indictment. He was not re-indicted for the offense charged by the stetted indictment until May 4, 1966, several days after he was re-indicted for the offenses of which he had been convicted. However, neither the stetted indictment, No. 4502, nor the new indictment, No. 2100, charging the same offense, were mentioned at the hearing held May 9, 1966, at his appearance in court for arraignment on July 1, 1966 or when he was arraigned on August 2, 1966. He was arraigned on indictment No. 2100 on October 28, 1966, according to the docket entries, and pleaded not guilty, but the proceedings relative thereto are not part of the record here. The stetted indictment was first referred to, after the entry of the stet, at the hearing on November 29, 1966, when in reading the docket entries into the record the State mentioned it as having been stetted and that it charged the same offense as charged in indictment No. 2100, which latter indictment the appellant had moved to be dismissed. Thus as the record stands, there is a stetted indictment (which the appellant may elect to declare invalid) charging the same offense charged in an open indictment filed some 13 months after the stet was entered, on which open indictment the appellant was arraigned, pleaded not guilty, and later moved to dismiss.

On March 13, 1967 the Supreme Court of the United States, decided *Klopfer v. State of North Carolina*, 386 U. S. 213, 87 S. Ct. 988.[2] That case considered a criminal procedure of North Carolina by which the prosecuting authority could take a *nolle prosequi* or a *nolle prosequi* "with leave." Such procedure is comparable in form and substance to the procedure in Maryland of entering a stet. See *Lifshutz v. State*, 236 Md. 428; *Barrett v. State*, 155 Md. 636; *State v. Morgan*, 33 Md. 44; *Hochheimer, supra*, § 210, p. 139. Although the Court characterized the procedure before it as "extraordinary," we do not

---

2. *Klopfer* settled the question whether the speedy trial provision of the Sixth Amendment of the Constitution of the United States applies to the States through the Fourteenth Amendment. The court found that it does.

construe the decision as holding such procedure as unconstitutional *per se*. It found, however, that the application of the procedure to the petitioner violated his constitutional right to a speedy trial.[3]

In the instant case we find it necessary, therefore, to apply the procedure and circumstances whereby the stet was entered to indictment No. 4502 to the appellant to determine if it violated his constitutional rights. We are aware that the motion to dismiss filed by the appellant was to indictment No. 2100 and not to indictment No. 4502. But No. 2100 charges the same offense, and we think it obvious that if prosecution of an offense is barred because an accused was not afforded his constitutional rights, he thereafter cannot be tried for that offense and the return of another indictment could not overcome the prior violation of his constitutional rights. Indictment No. 2100 must, therefore, be considered within the ambit of indictment No. 4502. But we feel that there are not sufficient facts before us from the record, nor were there sufficient facts before the lower court, had it considered it, to enable a determination whether the constitutional rights of the appellant were violated by the procedure followed and circumstances existing in the entry of the stet to indictment No. 4502. We are also aware that in Maryland there is a means by which an accused can obtain a dismissal of a stetted case or have it restored to the calendar for trial. The provisions of Md. Rules, 708-710 and 714 are similar to those of a former statute, Md. Code (1957), Art. 27, § 592 repealed by the Acts of 1963. Rule 710 provides that an accused, on petition seeking an immediate trial "* * * shall be tried, without regard to term of court, within such reasonable time as may accord him a speedy trial." In *Martel v. State*, 221 Md. 294, at page 301, the Court said:

---

3. Mr. Justice Harlan, in an opinion concurring with the result, stated that he would rest decision of the case on the ground "that this unusual North Carolina procedure, which in effect allows state prosecuting officials to put a person under the cloud of an unliquidated criminal charge for an indeterminate period, violates the requirement of fundamental fairness assured by the Due Process Clause of the Fourteenth Amendment." 87 S. Ct. 995.

"Although the statute, Code (1957), Art. 27, § 592, contemplates as a customary procedure the use of the information before indictment, an accused may avail himself of its remedial procedures after the indictment has been returned and subsequently stetted."

While this means, available to the appellant, and not invoked by him, may under proper circumstances, have amounted to a waiver of his right to a speedy trial of the stetted case, we cannot, from the record, ascertain whether such circumstances were present here or whether the appellant otherwise waived the right or whether the State acted with reasonable diligence, free from capricious or oppressive delays. We think that additional evidence relative to the entry of the stet and the subsequent actions of the State and the appellant should be presented to the lower court for factual findings and a determination by it whether the constitutional rights of the appellant were violated. We shall then be able properly to review the point if it is presented to us. Md. Rule, 1085. We feel that only in this way will the purposes of justice be advanced and remand the case, with regard to indictments No. 4502 and No. 2100, instead of entering a final order affirming or reversing the judgment thereon from which the appeal was taken. Md. Rule 1071.

> *The order denying the motion to dismiss as to indictments Nos. 2017, 2018 and 2019 is affirmed; case remanded without affirmance or reversal for the introduction of additional evidence or otherwise, consistent with the views expressed in this opinion as to indictments No. 4502 and No. 2100.*