## WAYNE CURTIS GREATHOUSE *v.* STATE OF MARYLAND

[No. 143, September Term, 1968.]

---

676

*Decided January 20, 1969.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*James Robert Miller,* with whom was *William C. Miller* on the brief, for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The history of this case, as yet not tried on the merits, runs an unusual course. Four separate indictments, charging offenses proscribed by Md. Code, Art. 27, §§ 7, 8 and 10, have been returned against the appellant. Each indictment arose from the same alleged acts of the appellant involving the same burning or attempting to burn personal property and a building on 15 April 1966.

Indictment No. 7851 was filed on 7 June 1966. It contained four counts: (1) burning personal property of another over the value of $25—§ 8; (2) attempting to burn personal property of another—§ 10; (3) burning an office building—§ 7; (4) attempting to burn such building—§ 10. The docket entries show that the appellant was arraigned on 12 August but no plea was entered. On 22 August he filed a motion for discovery and inspection and a motion to. dismiss the indictment. On 16 September a continuance was granted upon petition of the appellant. On 20 October the State answered the motion for discovery and on 24 October a supplemental motion for discovery was filed. On 28 October an amended motion to dismiss was filed and denied upon hearing. The same day the State's motion to amend the indictment by interlineation was granted. On 9 February 1967 a motion by the State for a continuance was granted. On 15 February the appellant filed a motion for a speedy trial. On 8 May a request by the State to place the case on the stet docket was denied, whereupon the State entered a *nolle prosequi.*

Indictment No. 8323 was filed on 8 February 1967. It contained six counts. Its first count was the same as the first count in No. 7851 except that it omitted the word "unlawfully" in charging the offense. Its second count differed from the second count of No. 7851 in that it added the words "wilfully and maliciously" in charging the unlawful attempt, added that the

value of the personal property was over $25 and also charged a certain preliminary act proscribed by § 10. The third count charged a storehouse breaking with intent to commit a felony— to wit: The burning of personal property of another over the value of $25. The fourth count, charging the offense charged in the third count of No. 7851, differed from that count in that it described the office building as "not a parcel of a dwelling house." The fifth count, charging the offense charged in the fourth count of No. 7851, also added such description and charged also a preliminary act proscribed by § 10. The sixth count charged a storehouse breaking with intent to commit a felony, to wit: The burning of the office building.[1] The docket entries show that the appellant was arraigned on No. 8323 on 9 February 1967 and pleas of not guilty were entered by direction of the court, the appellant standing mute. On 28 March the appellant moved to inspect the minutes of the grand jury and for a bill of particulars. Both motions were denied upon hearing on 14 April. On 8 May he filed a motion for discovery and inspection and on 11 May a motion to dismiss. The motion to dismiss the indictment was granted upon hearing on 29 June.[2]

Indictment No. 8851 was filed on 8 September 1967. It contained four counts. Its first count charged the wilful and malicious burning of the personal property, over the value of $25 and of another—§ 8—and specifically listed the property. The second count charged the attempt to burn such property and a preliminary act proscribed by § 10. The third count charged the burning of a building, not a parcel of a dwelling house—§

---

1. The crimes proscribed by Md. Code, Art. 27, §§ 7, 8 and 10 were misdemeanors. Ch. 628, Acts 1966, made the crimes proscribed by § 7—the burning of a building not a parcel of a dwelling house —a felony but § 2 of the Act provided that it did not apply to crimes committed before 1 June 1966. Therefore the crimes intended to be committed by the storehouse breakings charge in counts three and six of No. 8323 were not felonies as alleged, but misdemeanors.

2. A reporter was not present at this hearing and the reasons for the granting of the motion are not disclosed in the record before us. In argument at a hearing on a motion to dismiss Indictment No. 8934 defense counsel stated it was "because of the defection in the description of the property."

7—and particularly described the ownership and location of the building. Count four charged the attempt to burn such building and a preliminary act proscribed by § 10. Each count also charged that the appellant "aided, counseled or procured" the burning. The docket entries show only: "Sept. 8, 1967—Presentment: Indictment: True Bill, fd."

Indictment No. 8934 was filed on 5 October 1967. Its four counts read substantially the same as the four counts in No. 8851 except that each count omitted the phrase "or aided, counseled, or procured the burning." The docket entries show that the appellant was arraigned on 19 October and a plea of not guilty was entered "by his country"; that he filed a motion to dismiss the indictment on 14 November; that on 3 January 1968 "order of court that motion to dismiss Indictment by Defendant is hereby dismissed" was filed and on the same day, upon motion of the appellant, that order was vacated and a hearing on the motion to dismiss was set; that the hearing was held on 28 February and that by order of 6 March the motion to dismiss was granted as to the fourth count and denied as to the first, second and third counts. On 20 March the appellant noted an appeal from the denial.

The motion to dismiss indictment No. 8934, filed on 14 November 1967, attached as exhibits copies of the three preceding indictments, copies of the docket entries pertaining thereto, a transcript of the hearing on 8 May 1967 at which a *nolle prosequi* was entered to indictment No. 7851, a transcript of the hearing of 9 February 1967 whereat the State was granted a continuance as to indictment No. 7851, a copy of a motion for a speedy trial on indictment No. 7851 "as previously requested in open court at the hearing on February 9, 1967" (the motion was filed 15 February 1967), a copy of a letter dated 5 July 1967 from defense counsel to the State's Attorney claiming the denial of a speedy trial and alleging prejudice to the appellant in that "his business has been ruined", he is now not able to obtain a fair trial, one witness has been "lost" and others may be unavailable. It suggested that if the charges were to be resubmitted it should be done immediately "without waiting for the next regular session of the Grand Jury" and if so a motion to dismiss for lack of a speedy trial would be filed. The grounds

for the motion were that the appellant had been placed in jeopardy by the *nolle prosequi* entered as to indictment No. 7851, that he had been denied a speedy trial and that the indictment was defective.

At the hearing on the motion on 28 February 1968 a stipulation was received to the effect that the exhibits filed with the motion were "correct and true copies of what they purport to be" and that the stipulation "may be used by (the court) in determining whether to grant or deny" the motion. No other evidence was produced, although counsel for the appellant and the State's Attorney argued at length. At the conclusion of the hearing the court took the matter "under advisement." On 6 March an opinion and order dated 4 March were filed. The court found that the fourth count charged the common law offense of attempt but failed to allege that the offense was "unlawful." For that reason it granted the motion to dismiss the fourth count. Holding that the first, second and third counts were valid and finding no merit in the contentions as to speedy trial and double jeopardy, it denied the motion as to the first, second and third counts.

The contentions on appeal are in substance those raised by the motion and argued at the hearing thereon. The appellant contends that the lower court erred in the denial as to counts one, two and three for the reasons that:

I the indictment is defective in that:
1) the first and third counts fail to allege the acts were committed unlawfully;
2) the property alleged to have been burned as charged in the first and second counts is not encompassed within Art. 27, §§ 8 and 10 but is excluded under the doctrine of *ejusdem generis;*
3) the first and second counts fail to apprise him of the location of the personal property he is alleged to have burned or attempted to burn.
II he was denied a speedy trial;
III he was denied due process of law;
IV he has been placed in jeopardy on the charges and cannot be further prosecuted.

I

## THE ALLEGED DEFECTS IN THE INDICTMENT

The general rule is that an appeal in a criminal case is premature until after final judgment. *State v. Harman*, 199 Md. 209, 212. See Md. Code, Art. 5, § 12; Md. Rule, 1035(a). There has been applied through the years, with qualifications, a corollary to the general rule; action of the trial court which denies an absolute constitutional right, although seemingly interlocutory, will be reviewed on appeal. *Pearlman v. State*, 226 Md. 67. Thus it is established that an appeal will lie, prior to a trial on the merits, on the denial of a motion asserting a violation of the constitutional right to a speedy trial, *Stevenson v. State*, 4 Md. App. 1, 10, or that the accused was twice placed in jeopardy, *Brown v. State*, 2 Md. App. 388, 394. But the action of the lower court here in denying the motion to dismiss with respect to the alleged defects in the indictment did not involve the denial of an absolute constitutional right and is not within the corollary to the rule. The appeal in that regard is premature and we do not consider the contentions with respect thereto.

II

## SPEEDY TRIAL

The appellant sought a speedy trial only on indictment No. 7851. Trial under No. 7851 had been set for 15 February 1967, but on 8 February indictment No. 8323 had been filed and the appellant was brought into court the next day for arraignment on that indictment. At arraignment he stood mute, and not guilty pleas were entered by direction of the court. See Md. Rule 721. The State then requested a continuance of No. 7851, arguing that the appellant had been granted a continuance on 16 September 1966 because he needed time to prepare his case and that the State was "entitled to one continuance at least for preparation of this case." The appellant objected, asserting that he was ready for trial as set, that he had summoned about 20 witnesses, "many of whom had been served" and that trial had been set for several weeks. He demanded a speedy trial "in the old case." The court granted the continuance with no date

specified for trial. On 15 February the appellant filed a written motion for a speedy trial on indictment No. 7851. At that time both No. 7851 and No. 8323 were outstanding, but the State made no effort to bring No. 7851 to trial and the appellant made no demand for the trial of No. 8323. On 8 May, in open court, the State requested that No. 7851 be placed on the stet docket. Defense counsel objected—"we feel he has been denied a speedy trial by now and to stet it would be further evidence of that." The court refused to consent to the entry, see Md. Rule 718, stating that "the State should make up its mind whether it is going to proceed in 7851, or in the subsequent case, to either dismiss it or try it." The State said that it could enter a *nolle prosequi,* the court agreed that it had a right to do so, and the State did so over objection. The appellant has consistently relied on the validity of his contention that the failure to bring him to trial on No. 7851 between the period 9 February to 8 May 1967 constituted a delay in the constitutional sense.[3] This may account for his failure to demand a speedy trial on each of the subsequent indictments. With respect to No. 8323 he filed motions on 28 March 1967 to inspect the grand jury minutes and for a bill of particulars, both of which were denied upon hearing on 14 April, and on 8 May for discovery and inspection. On 11 May he moved to dismiss No. 8323. The grounds for that motion or the reasons it was granted upon hearing on 29 June do not appear in the record, but apparently it was not because of a violation of a constitutional right; defense counsel stated in argument on the subsequent hearing on the motion to dismiss No. 8934 that it was because of "the defection in the description of the property." From 29 June to 8 September there was no indictment pending against the appellant. During that period, on 5 July, defense counsel wrote the State's Attorney, suggesting, if the prosecutor felt compelled to re-submit the charges, that it be done immediately without waiting for the next session of the grand jury. But he did not ask for a speedy trial in the event the appellant was again indicted, but said that

---

**3.** The appellant conceded below and in argument on appeal that he was not denied a speedy trial prior to 9 February 1967, delay to that time not being due to the State.

he would then move that the indictment be dismissed for lack of a speedy trial. On 8 August the State's Attorney replied, confirming a conversation with counsel concerning the letter of 5 July, that the case would be re-submitted to the grand jury during the first week of September and if this was not satisfactory, he would proceed on a bill of information upon request. The record does not show, nor does the appellant allege, that he sought an immediate trial by waiving his right to action by the grand jury pursuant to Md. Rule 709. Indictment 8851 was returned on 8 September. The record does not show, nor does the appellant allege, that he demanded a speedy trial of No. 8851, nor does it show other than that the appellant was presented, indicted and a true bill filed. The appellant in his brief states that on 16 May 1968, since this appeal was noted, a *nolle prosequi* was entered. On 5 October 1967, however, indictment No. 8934 was filed. The appellant was arraigned thereon and a plea of not guilty entered "by this country." He made no demand for a speedy trial thereon, but moved to dismiss the indictment on 14 November and appealed from the order thereon of the lower court of 6 March 1968. So, with respect to denial of a speedy trial, error by the lower court in denying the motion to dismiss No. 8934 depends upon whether he was denied a speedy trial of No. 7851. If he was denied a speedy trial of that indictment, it would bar further prosecution. We said in *Brown v. State,* 2 Md. App. 388, 398, "[W]e think it obvious that if prosecution of an offense is barred because an accused was not afforded his constitutional rights, he thereafter cannot be tried for that offense, and the return of another indictment could not overcome the prior violation of his constitutional rights." But if he was not denied a speedy trial under No. 7851, there was no denial of such right under the subsequent indictments, for it is established that the right may be waived by failure to demand it or by the conduct of the accused. *Hall v. State,* 3 Md. App. 680; *Kelly v. State,* 2 Md. App. 730; *Scott v. State,* 2 Md. App. 705; *State v. Long and Nelson,* 1 Md. App. 326.

As the appellant concedes that the period from 7 June 1966, when No. 7851 was filed, to 9 February 1967 was not chargeable to the State, the only period involved is the 3 months from

9 February to 8 May 1967 when the *nolle prosequi* was entered. We think it clear that this period is not one of constitutional dimension. *Stevenson v. State, supra.* There being no unconstitutional delay, whether there was or may have been prejudice to the appellant's case is not determinative of the denial of a speedy trial. *Hall v. State, supra.* We think that the period to be considered with regard to No. 7851 terminated on 8 May 1967 at the time of the entry of the *nolle prosequi.* The appellant apparently feels that he had a right to be tried on No. 7851.[4] An accused has no right *per se* to be tried on a particular indictment. The entry of a *nolle prosequi,* with the limitation that it be entered in open court as required by Md. Rule 711, is a matter within the exclusive province and discretion of the State's Attorney. The appellant was not entitled to compel the State to make a choice between proceeding to trial on No. 7851 or entering a "not guilty confessed." The State had the right to enter the *nolle prosequi* and as it was entered before trial had begun, its only effect was to finally determine that case, precluding the State from further prosecution under that indictment. *Barrett v. State,* 155 Md. 636. The Court said in *Barrett,* in holding that a *nolle prosequi* was a final determination of the case, that "it would be intolerable, and subversive of the constitutional rights of the accused to a speedy trial, if the State's Attorney had the power, with or without the concurrence of the court, to discontinue the trial by the entry of such an order, and at some future time again put the accused to trial under the same indictment." at 637-638. But it made clear, the *nolle prosequi* having been entered before trial commenced, that the accused remained subject to being proceeded against by another indictment for the same offense.[5] "In justifi-

---

4. We note that a subsequent indictment is not rendered invalid merely by the existence of a prior indictment of the same or a related offense and that if there is some irregularity in an indictment it may be corrected in a later indictment upon which the defendant may then be tried. *Barnes and Burgess v. State,* 1 Md. App. 123, 126-127.

5. It is otherwise when a *nolle prosequi* is entered without the consent of the defendant after trial has commenced. It then operates

cation of the practice which seems to have prevailed for so long everywhere, it can properly be said that the accused does not, in law, remain under the imputation of guilt after a *nolle prosequi* has been entered. The abandonment of the prosecution cancels that indictment and restores him to his original position." 155 Md. 638. It is this which distinguishes the instant case from *Klopfer v. State of North Carolina*, 386 U. S. 213, cited by the appellant, where the *nolle prosequi* was the equivalent of a *stet* in Maryland, permitting further prosecution under the indictment.[6] Since the appellant could not be tried under No. 7851 after the *nolle prosequi* was entered, he no longer had the right to a speedy trial with respect thereto. That is to say, although an accused has the right to have an outstanding indictment brought to trial within such time as to afford him a speedy trial, once prosecution can no longer be pursued under that indictment, as, for example, by the entry of a *nolle prosequi* or by an order of court dismissing it, he no longer enjoys that right, for the right, under that indictment, is terminated when the case is so finally determined. Therefore the appellant, whose right to a speedy trial under No. 7851, as we have found, was not violated while the indictment was outstanding, could not claim that right after the indictment became ineffective. His right to a speedy trial on the offenses, however, accrued to him under the other indictments from time to time outstanding. But he did not assert the right under the subsequent indictments. In fact No. 8323 was dismissed on his own motion, a *nolle prosequi* was entered as to No. 8851 before any trial commenced and he chose to move to dismiss No. 8934 rather than demand a trial thereon. And between the period 29 June and 8 September 1967 there was no case to be tried as no indictment was outstanding. By the entry of the *nolle prosequi* to No. 7851 and the dismissal of No. 8823 he was then under no imputation of guilt but was restored, until he was next indicted, to the position he had before any indictment was returned against him.

---

as an acquittal. *Friend v. State,* 175 Md. 352; *Boone v. State,* 3 Md. App. 11.

6. See *State v. Morgan,* 33 Md. 44, distinguishing between a *stet* and a *nolle prosequi.*

The right to a speedy trial does not encompass the right to a speedy indictment; the general rule is that the right to a speedy trial does not arise until a prosecution has been instituted and an accused cannot successfully complain of delay in the institution of prosecution if it is within the applicable period of limitations.[7] *Falcon v. State,* 4 Md. App. 467, 470. As to a speedy trial, we find no error in the denial of the motion to dismiss indictment No. 8934.

## III

### *DUE PROCESS OF LAW*

Our holding that the constitutional right of the appellant to a speedy trial was not violated does not necessarily stand him defenseless against delay by the State in obtaining a proper indictment. If the actions of the State resulted in unreasonable, oppressive and capricious delay, such delay may constitute a denial of due process of law. See *Montgomery v. State,* 4 Md. App. 473, 480. But this point does not plainly appear by the record to have been tried and decided by the lower court. It was not one of the grounds specifically raised in the motion to dismiss No. 8934, the appellant did not appear to have raised and argued it at the hearing on the motion and the lower court did not discuss it in its opinion and order disposing of the motion. Ordinarily we would not decide it, but we deem it desirable to do so for the guidance of the lower court. Md. Rule 1085.

The appellant now urges that delay was "caused by the State by deliberate choice to obtain a supposed tactical advantage." We think it apparent that the State obtained successive indictments because it felt that the indictments which preceded No. 8934 were defective as drawn.[8] While we cannot condone the failure of the State to draft the indictment in a manner satis-

---

7. Violations of Md. Code, Art. 27, §§ 7, 8 and 10, misdemeanors when alleged to have been committed by the appellant, were punishable by confinement in the penitentiary. See Md. Code, Art. 57, § 11 as to limitations in bringing prosecution.

8. Even though a motion to dismiss No. 7851 was denied on 28 October 1966 the State was permitted to amend it by interlineation. What the amendment was is not shown by the record before us.

factory to it in the first, second and third instance,[9] we cannot say that the actions of the State were unreasonable, oppressive or capricious. It was not unreasonable for it to seek to draft an indictment properly charging the offenses. The obtaining of four successive indictments was not oppressive because the record does not show prejudice to the appellant. No evidence of prejudice was produced at the hearing on the motion. Although the record contains, as an exhibit to the motion to dismiss, a copy of a letter from defense counsel to the State's Attorney in which prejudice was alleged, we cannot construe the stipulation agreed upon as acknowledging on the part of the State, that the allegations were correct. The stipulation was that the exhibit was "a true and correct copy of a letter received by the State's Attorney's office on or about July 6, 1967." The actions of the State were not capricious as they were guided by a steady intent and purpose not adverse to the fair administration of justice. We cannot conclude in the circumstances that the State was prompted by unworthy motives nor by a desire to delay unduly in bringing the appellant to trial. If the tactical advantage the appellant assumes the State sought was to bring him to trial under a proper indictment, as we believe the intent of the State to have been, this did not here deprive him of a constitutional right even though the State may have been inartful in drawing the indictments. We do not think that the course followed by the State led to fundamental unfairness in the circumstances. We feel that the record before us does not sufficiently support the contention that the appellant was denied due process of law so as to compel us to find error with respect thereto in the denial of the motion to dismiss.

## IV

### DOUBLE JEOPARDY

In Maryland, protection against double jeopardy is avail-

---

9. But questions concerning the proper drafting of indictments charging arson and statutory proscriptions against burning property have troubled courts and prosecutors in the past. See, for

able by way of the common law.[10] *State v. Barger,* 242 Md. 616; *Smith v. State,* 1 Md. App. 297. In *Boone v. State,* 3 Md. App. 11 we found that the common law meaning of double jeopardy as stated in *Hoffman v. State,* 20 Md. 425, 434 was controlling in Maryland:

> "At common law it meant nothing more than that where there had been a final verdict either of acquittal or conviction, on an adequate indictment, the defendant could not be a second time placed in jeopardy for the particular offense."

The appellant here contends that jeopardy attached by the entry of the *nolle prosequi* to No. 7851 over his objections. But we pointed out in *Boone* at 25-26 that the entry of a *nolle prosequi* is not inconsistent with the common law meaning of double jeopardy. We said that if it is entered without the consent of the defendant after trial has begun, jeopardy attaches because it operates as an acquittal. But here the trial had not begun and the entry of the *nolle prosequi* did not operate as an acquittal and was no bar to future prosecution under another indictment. *Barrett v. State, supra.* The appellant has never been in jeopardy as there has been no final verdict, either of acquittal or conviction, on an adequate indictment. Therefore he will not be placed twice in jeopardy by reason of coming to trial under indictment No. 8934. As to the contention of double jeopardy,

---

example, *Wimpling v. State,* 171 Md. 362; *Gibson v. State,* 54 Md. 447; *Kellenbeck v. State,* 10 Md. 431; *Cochrane v. State,* 6 Md. 400; *Black v. State,* 2 Md. 376.

10. Whether the double jeopardy provision of Amendment V to the Constitution of the United States is applicable to state court prosecutions under the due process clause of Amendment XIV is now before the Supreme Court. *Benton v. State,* 1 Md. App. 647, cert. den. Court of Appeals of Maryland, 7 December 1967, cert. granted, Supreme Court of the United States, No. 201, 17 June 1968. The issue was posed in *Cichos v. State,* 385 U. S. 76, but the Supreme Court dismissed the writ as improvidently granted and denied rehearing, 385 U. S. 1020. The Court of Appeals held that the prohibition of double jeopardy in Amendment V was not a requisite of due process under Amendment XIV in *State v. Adams,* 196 Md. 341, 344.

690

we find no error in the action of the lower court with respect to the motion to dismiss.[11]

> *Order denying the motion to dismiss the first, second and third counts of indictment No. 8934 affirmed: case remanded for further proceedings: costs to be paid by the appellant.*

---

**11.** *Hoag v. State of New Jersey,* 356 U. S. 464, cited by the appellant in argument on appeal, is not apposite. The accused there was tried under three indictments charging the robbery of three individuals. He was acquitted. Then a fourth indictment was obtained charging the robbery of a fourth victim. All the robberies occurred during the course of a hold-up of a tavern and by construction of the New Jersey statute were considered separate offenses. The court stated that the trial and acquittal of the three offenses did not jeopardize the accused as to the fourth offense. It said, however, that even though it was constitutionally permissible for the State to *punish* the accused for each of the four robberies, it did not necessarily follow that it could *prosecute* him for each robbery at a different time. "The question in any given case is whether such a course had led to fundamental unfairness" by an attempt "to wear the accused out by a multitude of cases with accumulated trials." 356 U. S. 467. The Court did not think that the Fourteenth Amendment always forbids States to prosecute different offenses at consecutive trials even though they arise out of the same occurrence and found no constitutional violation in the case before it. The Court also rejected a claim that the conviction was constitutionally barred by "collateral estoppel." It had "grave doubts whether collateral estoppel can be regarded as a constitutional requirement" but did not decide that question.