JOHN ANDREW McDUFFY a/k/a JOHN
ANDREW McDUFFIE *v.* STATE OF
MARYLAND

[No. 229, September Term, 1968.]

*Decided April 22, 1969.*

*Arthur A. Condon* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, State's Attorney for Anne Arundel County,* and *Vincent A. Mulieri, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Andrew McDuffy, the appellant, was convicted on three separate charges of forgery by the Circuit Court for Anne Arundel County in a trial before the court. He was sentenced to serve a term of two years, concurrently, on each of the three convictions. The facts and contentions concerning each case will be set out separately.

### Case No. 10252

The indictment charged that McDuffy forged an "American Oil Credit Card." Testimony showed that the card was not in any way forged or altered by anyone, but that a receipt for certain merchandise was forged by McDuffy, who contends that he cannot be convicted of forging a receipt under an indictment which charges him with forging a credit card. We do not

think it requires a citation of authority to support the proposition that an individual cannot be convicted of forging one instrument when the proof shows that he forged an entirely different instrument. We must, therefore, reverse this conviction.

## Case No. 10270

In this case McDuffy was also indicted for forgery. The docket entries show that prior to trial the indictment was stetted with permission of the court. It appears that the court inadvertently found a verdict of guilty thereafter. The state concedes that the conviction should be reversed since there was no order reinstating the case. We agree. See *Brown v. State,* 2 Md. App. 388, 397-8, 234 A. 2d 788.

## Case No. 10271

McDuffy was indicted and convicted of forging a Mobile Oil Company Credit Receipt. It is contended on appeal that a receipt cannot be the subject of a forgery. Md. Code, Art. 27 § 44 specifically includes as a proper subject for forgery a "receipt either for money or for property." Such receipts have been the subject of forgery in other jurisdictions in the United States, see 90 ALR 2d 822.

McDuffy further contends, however, that by the language of Md. Code Art. 27 § 142—False Pretenses—the legislature intended to limit prosecutions for the misuse of credit cards, at least where the amount involved was less than $100. He relies upon *People v. Swann,* 213 Cal. App. 2d 447, 28 Cal. Rptr. 830 wherein the California courts arrived at a similar conclusion based on the particular language of the California statutes. California's interpretation of its statutes does not, here, lend itself to a similar construction in Maryland.

In *Shifflett v. State,* 4 Md. App. 227, 242 A. 2d 182 we recited the rule long held in Maryland:

"It is well settled that repeals by implication are not favored and will not be so held unless there is some express reference to the previous statute, or unless there is a manifest inconsistency in the two, or the provisions are so repugnant that they cannot stand together."

In the present case there is no express reference to the previous statute; neither is there any inconsistency in the two. Section 142 originally provided that a person who obtained money, etc., by a worthless check was presumed to have intended a fraud unless the check was made good within ten days. It was later amended to provide that anyone who used a credit card without authorization and did not pay the bill thus incurred within ten days was presumed to have had a fraudulent intent, and thus be guilty of false pretenses. The essence of the crime under § 142 is unauthorized use of a credit card, not the signing of a false document. We have held that convictions for false pretenses and for forgery are not inconsistent, *Sutton v. State*, 2 Md. App. 639, 236 A. 2d 301 relying on *Draper v. State*, 231 Md. 423, 190 A. 2d 643. The law is clear that a single transaction can be an offense against two statutes if each statute requires proof of a fact which the other does not, *Veney v. State*, 227 Md. 608, 177 A. 2d 883, *Watts v. State*, 3 Md. App. 454, 240 A. 2d 317, and *Sutton v. State, supra*. A false pretense does not require a false signature on a document and a forgery does not require the use of a credit card or an actual reliance on the false document.

There is no merit to the contentions in Case No. 10271.

> *Judgment reversed as to Case No. 10270 and case remanded for a new trial; Judgment reversed as to Case No. 10252 and Judgment affirmed as to Case No. 10271.*