**James Ray HUTCHINS, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

No. 3907.

Supreme Court of Wyoming.

April 7, 1971.

Edward P. Moriarity of McClintock, Mai, Urbigkit & Moriarity, Cheyenne, Brent R. Kunz, senior law student, University of Wyoming, for appellant.

James E. Barrett, Atty. Gen., William L. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Defendant was charged in two counts, with violation of § 6–17, W.S.1957, forgery,

and with violation of § 6–38.2, W.S.1957 (1969 Cum.Supp.), the unlawful use of a credit card, a misdemeanor, and on trial by jury was convicted. On the latter he was sentenced to six months in the county jail, and the sentence was suspended; on the former, he was sentenced to three to five years in the state penitentiary. He has appealed, urging error on two grounds, first, that a violation of the forgery statute cannot stand because a specific statute, § 6–38.2, dealing with the unlawful use of credit cards, controls, and second, the State has failed to prove except by inadmissible hearsay testimony that the credit card was not lawfully in his possession.

The facts are not complicated or contradicted. On January 15, 1970, defendant appeared in Ben's Variety Store, Greybull, purchased four electrical appliances for a total price of $57.50, presented a Master Charge credit card issued to "Claud E Franklin" and signed the name "Claude E Franklin" to the triplicate Master Charge sales slip at the place marked "purchaser acceptor." Thereafter James Haycock, the owner of the store, called the "Master Card" office by telephone and the police, who took defendant into custody. Mr. Franklin in July 1969 had received the Master Charge card, which defendant used at Ben's Variety Store, but since he was the manager of a bar in Casper never carried anything of that nature to work. He had received certain bills in the mail on which his signature appeared but which he had not signed and on January 9, 1970, was notified by his wife that the Master Charge card was missing. Mr. Franklin had seen the defendant at the Casper bar but had not given him permission to sign his name or to use his credit card.

Defendant urges that he cannot be lawfully charged with violation of § 6–17, forgery, because the legislature by the later passage of §§ 6–38.1 and 6–38.2 made unlawful use of a credit card a misdemeanor. Defendant cites as authority for his position People v. Swann, 213 Cal.App. 2d 447, 28 Cal.Rptr. 830, 832. It is true that the court in the Swann case would not separate the signing of a credit invoice from the "use" of the credit card, reasoning that: "Certainly the Legislature in enacting * * * [the credit-card statute] contemplated false or unauthorized signatures on credit invoices by parties engaged in the misdemeanor use of credit cards * * * since such signatures are required of credit card users in the customary use of such cards." [1] However, such an interpretation has not been accepted in other jurisdictions. Shriver v. Graham, Okl.Cr., 366 P.2d 774, 777; McDuffy v. State, 6 Md.App. 537, 252 A.2d 270, 271; Annotation, 24 A.L.R.3d 986, 997–998.

In McDuffy v. State, supra, the defendant maintained that since § 142 (False Pretenses), Md.Code Art. 27, related to misuse of credit cards the legislature thereby intended to limit prosecutions for such misuse and that the credit receipt could not be the subject of a forgery. The court there held, 252 A.2d at 272:

"* * * The essence of the crime under § 142 is unauthorized use of a credit card, not the signing of a false document. We have held that convictions for false pretenses and for forgery are not inconsistent * * * [citing authorities]. The law is clear that a single transaction can be an offense against two statutes if each statute requires proof of a fact which the other does not * * * [citing authorities]. A false pretense does not require a false signature on a document and a forgery does not require the use of a credit card * * *."

We agree with that reasoning and here decline to accept the thesis of defendant.

**1.** Subsequent to the issuance of the Swann opinion the California legislature repealed the statute there considered and enacted § 484f, West's Annotated Cal.Codes (Penal), providing, "A person other than the cardholder or a person authorized by him who, with intent to defraud, signs the name of another * * * person to a * * * sales slip * * * which evidences a credit card transaction, is guilty of forgery."

As this court observed in State v. Cantrell, 64 Wyo. 132, 186 P.2d 539, 542, repeals by implication are not favored, and while statutes may be repealed by implication, this occurs only if a later statute is so repugnant to the earlier one that the two cannot stand together or if the whole subject of the earlier statute is covered by the later one having the same object, and which was clearly intended to prescribe the only rules applicable to the subject.

◼ Peripherally we note that defendant argues "Possibly it could be construed that in the present case the Appellant could be charged with violation of the credit card statute *or* he could be charged with violation of the forgery statute, but not both since there was only one act of signing a sales slip. Tobin v. State, 36 Wyo. 368, 255 P. 788, 790 (Wyo.1927)." In essence, this argument would constitute a claimed defense of double jeopardy, which if it was to be interposed should have been raised by motion pursuant to Rule 16, W.R.Cr.P. Since it was not raised before the trial court, it was waived. Morlan v. United States, 10 Cir., 230 F.2d 30, 32; Harris v. United States, 8 Cir., 237 F.2d 274, 277.

◼ In his second charge of error defendant utilizes the universally approved concept that the State has the burden of proving beyond a reasonable doubt all material allegations of an accusation. He then develops such thesis here by saying that one of the material elements of the offense charged under the misuse of the credit card statute is that he used the card without the consent of the person to whom it was issued, a circumstance regarding which the State has not sustained its burden of proof. He notes the witness, Claud E. Franklin, testifying he had never kept the credit card in his possession, his wife having kept it; the county attorney's asking Franklin when he first became aware that the credit card had been taken, to which reply was made that he was notified on January 9 that the card was missing. Counsel for defendant objected to the statement as hearsay but the court overruled this, and it is now argued that under an elementary axiom of evidence a statement made out of court without the benefit of an oath is inadmissible when such testimony is being offered as an assertion to show the truth of matters asserted therein, where the credibility of the statement rests on an out-of-court assertor. We cannot endorse such a concept without some examination, and in considering the situation are impressed here with another equally well accepted axiom, viz., statements are not considered hearsay if they are merely offered to show that they have been made and not as evidence of the fact stated. In this instance Mr. Franklin by the statement from his wife was merely alerted to the fact that he no longer had control of the card, which circumstance together with his receipt of bills for goods he had not ordered was a matter of proper evidence in the case. We see no violation of the hearsay rule in the challenged testimony. Moreover, it is of importance to note Mr. Franklin's positive testimony that he never gave defendant permission to use the credit card, which evidence unquestionably satisfied the burden of proof on that point. We are not unmindful of defendant's implying that consent for him to use the card could somehow have been gained by way of Mr. Franklin's consent to his wife and her consent thereafter. Such a concept would improperly require the prosecution to anticipate a defense and unsupported as it is must be rejected. In sum, the record discloses substantial evidence to show that the credit card was not lawfully in the possession of defendant and that the issuee had given him no permission to use it.

Affirmed.