# WILLIAM RANDOLPH SMITH *v.* STATE OF MARYLAND

[No. 173, September Term, 1970.]

*Decided April 23, 1971.*

632

The cause was argued before ORTH, MOYLAN, and POWERS, JJ.

*Frank P. Flury* for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

On April 9, 1970, William Randolph Smith was indicted in Prince George's County in a nine count indictment charging the commission of burglary, robbery, larceny and other crimes on July 28, 1965 at a residence on Anne Street in Takoma Park.

He promptly filed a motion to dismiss the indictment, asserting that the delay in indictment prejudiced him and deprived him of his right to due process of law under the Fifth Amendment and his right to a speedy trial under the Sixth Amendment; that because of the delay he is not able to recall his actions on the day of the alleged crime nor to gather witnesses to account for his actions on that day; and that the police had adequate time to investigate the case and make charges when he would have been able to remember his actions on the day in question. He prayed for a hearing on the motion "so that evidence can be produced which shows the prejudice suffered by the defendant as a result of the inordinate delay".

The motion was heard on May 7, 1970 before Judge James H. Taylor in the Circuit Court for Prince George's County, and evidence was taken. Judge Taylor denied the motion, and Smith filed an appeal. His appeal from this seemingly interlocutory order is properly taken, and will be reviewed. *Pearlman v. State,* 226 Md. 67, *Greathouse v. State,* 5 Md. App. 675, *Harris v. State,* 6 Md. App. 7, and *Raimondi v. State,* 8 Md. App. 468.

At the hearing on the motion, appellant produced no evidence showing any specific prejudice suffered by him as a result of delay in indictment, other than his own testimony that he had no knowledge of this alleged burglary, and had no idea where he was on the date alleged, or even whether he was in the State of Maryland on that date. It was brought out that appellant had been convicted in February 1967 on an unrelated charge, referred to as the Barbera robbery, and in December 1969 in a post conviction proceeding had been given a new trial in that case. It was asserted that the State was wilful and arbitrary in not proceeding sooner in the Anne Street robbery, and finally did so as punishment because appellant obtained a new trial on the other charge. The sequence of events lends considerable persuasive force to this argument, but the evidence given at the hearing on the motion shows its invalidity.

Detective Lt. Ross of the Prince George's County Police testified that he arrested appellant in November 1966. The Anne Street robbery had been under active, intense investigation. Appellant told Lt. Ross in November 1966 that he could possibly tell him about it, but he did not. Nothing else developed until August 1967 when a sister-in-law of appellant gave Lt. Ross information regarding several robberies, including the one on Anne Street. Lt. Ross described the information as hearsay, and said he worked on the leads until October 1967 and was unable to come up with the necessary corroboration on which to base a warrant or presentation. Lt. Ross testified that he never deliberately delayed any investigation of the Anne Street robbery, and that the City of Takoma Park originally took jurisdiction, but that he ran down anything that came to his attention. He said that when appellant obtained a new trial in the Barbera case, a reinvestigation was ordered, and in the course of it he located a witness who gave evidence which for the first time justified proceeding with the present charge.

Appellant's right to a speedy trial under the Sixth Amendment seems not to be involved. He asserts denial

of due process under the Fifth Amendment, because of prejudice resulting from the delay in his indictment. In *Osborne v. State,* 3 Md. App. 161; *Montgomery v. State,* 4 Md. App. 473, and *Greathouse v. State,* 5 Md. App. 675, we held that the right to a speedy trial does not encompass the right to a speedy indictment; that the general rule is that an accused cannot successfully complain of delay in the institution of prosecution if it is within the applicable period of limitations; but that an accused does not stand defenseless against delay by the State in obtaining a proper indictment, and if the actions of the State resulted in unreasonable, oppressive and capricious delay, such delay may constitute a denial of due process of law.

There is no indication in the record that the delay was purposeful or oppressive, or in bad faith or for a tactical advantage. Judge Taylor concluded that the State had not purposely or oppressively sought to delay the case, and although not without some difficulty, determined that appellant was not prejudiced to the point that he was denied his right to due process of law. We have made an independent constitutional appraisal of the record, and we agree.

*Order affirmed.*