UNITED STATES of America

v.

Louis SCORATOW, alias Louis Dalo, alias Louis Scott, alias Louis Scrado.

Cr. 14683.

United States District Court
W. D. Pennsylvania.

Jan. 5, 1956.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for plaintiff.

Alexander Cooper, Pittsburgh, Pa., for defendant.

SORG, District Judge.

Defendant was indicted under 18 U.S. C. § 1503. The indictment charged that he "by threats endeavored to influence, obstruct and impede the due administration of justice" by threatening to kill Eugene Friedman, his wife and family, if any information of an incriminating nature was divulged against one Marko Scoratow by Friedman to the Federal Bureau of Investigation during an investigation of Marko Scoratow which it was conducting and in which Friedman was a witness for the United States. Defendant has moved to dismiss the indictment.

Section 1503 of Title 18 provides as follows:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, in-

fluences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 769."

Section 1503 was amended by Congress to its present form in June of 1948. As applicable here, it is substantially the same as its predecessor, Section 135 of the Criminal Code, 18 U.S. C.A. § 241, except that in Section 135 the word "therein" followed the words "due administration of justice" in the last clause of the section.

The courts have held under Section 135 and its predecessor sections that to constitute an offense under the statute, the act must be in relation to a proceeding pending in the federal courts. United States v. Perlstein, 3 Cir., 1942, 126 F.2d 789; United States v. McLeod, C.C.1902, 119 F. 416. And a proceeding is not pending in court at least until a complaint has been filed with the United States Commissioner. United States v. Bittinger, D.C.1876, 24 Fed.Cas. page 1149, No. 14,598. There appears to be no case which holds that interference with witnesses in an investigation being conducted by the Federal Bureau of Investigation, or any similar instrumentality of the government, violates Section 1503, or any of its predecessor sections.

It is contended that the elimination of the word "therein" from Section 1503 which previously followed the phrase "due administration of justice" in Section 135 indicates that Congress intended that the application of the section should no longer be restricted to the obstruction of justice in judicial proceedings.

Section 1503 is a criminal statute, and as such must be strictly construed. It provides that acts which interfere with the "due *administration* of justice" constitute offenses under it. This phrase is qualified and limited by the enumeration of specific judicial

functions concerned with the "administration" of justice in the preceding portion of the section. The Federal Bureau of Investigation is an investigating rather than a judicial arm of the government. It does not "administer justice" within the meaning of Section 1503.

Defendant's motion to dismiss is granted and the indictment is dismissed.