# IRVIN *v.* STATE OF MARYLAND

[No. 8, September Term, 1975.]

*Decided October 7, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and O'DONNELL, JJ.

*William F. Mosner* for appellant.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This case raises the question whether the State, in a criminal case, may enter a *nolle prosequi* as to the remaining counts of one indictment, appeal from an order dismissing two other indictments, and while the appeal is pending, reindict the defendant on virtually the same charges, and proceed to trial.

Louis William Irvin was originally charged under three indictments with false pretense, bribery, extortion, misconduct in office, obstruction of justice and conspiracy to commit the substantive offenses charged. The Circuit Court for Baltimore County dismissed two of the indictments in their entirety (obstruction of justice, misconduct in office and conspiracy to obstruct justice) and two counts of the third indictment (extortion and misconduct in office), but left standing the other two counts of that indictment (false pretense and bribery). When the case came on for trial, the State entered a *nolle prosequi* as to the counts charging false pretense and bribery, and entered an appeal from the dismissal of the first two indictments.

Thereafter, while the appeal was pending, Irvin was reindicted under a new 12 count indictment which, in restating the charges in the three prior indictments, undertook to correct the infirmities which had resulted in the order of dismissal. The case came on for trial, and Irvin was convicted under three of the counts of the new indictment (one for false pretense and two counts for conspiracy to commit the substantive offenses charged) and

was acquitted of the charges contained in the other nine counts.[1]

Irvin appealed his conviction to the Court of Special Appeals, contending, *inter alia*, that the court lacked jurisdiction to try him on the charges contained in the new indictment.[2] That court affirmed the judgments entered below in *Irvin v. State*, 23 Md. App. 457, 328 A. 2d 329 (1974), and we granted certiorari on a narrow point, which by our order was ". . . limited solely to the issue whether, after the State entered an appeal from the dismissal of certain counts in the original indictments and then reindicted the Appellant on the same charges, the State could proceed to trial on the latter indictment while the appeal on the first was still pending. . . ."

Irvin relies on our holding in *Bullock v. Director*, 231 Md. 629, 633, 190 A. 2d 789, 792 (1963) (footnotes omitted):

> "An appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken. The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceeding; make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the

---

1. The trial was concluded in November, 1973; the State did not dismiss its appeal until December, 1973.

2. This question was not raised prior to, or during, the trial, *see* Maryland Rule 725 b, but was raised in a motion for a new trial.

authority and control of the lower court with reference thereto are suspended."

Irvin would have us say that once the appeal was taken by the State, the trial court was without jurisdiction to try him under the new indictment. He analogizes his situation to that presented in *Tiller v. Elfenbein*, 205 Md. 14, 106 A. 2d 42 (1954), where, in a civil case, a motion for reargument of a motion for a partial new trial was filed after an appeal had been entered. Before the hearing on the motion, the defendant dismissed his appeal. Thereafter, the granting of the motion was challenged by the plaintiff on the ground that the trial court had lost jurisdiction in the matter once the appeal was entered. Judge Henderson, for the Court, held that the filing of a motion for a new trial put the defendant to an election: he could dismiss the appeal and proceed on his motion, or he could pursue his appeal and abandon his motion. Because the defendant had elected to dismiss his appeal, the trial court could rule on the motion.

More closely in point is *Jones v. State*, 214 Md. 525, 136 A. 2d 252 (1957) where this Court affirmed the trial court's refusal to consider a motion for a new trial based on newly discovered evidence because an appeal had been entered by the defendant. The rule of *Tiller, supra,* was held to be equally applicable to criminal cases, and the result reached was mandated by the pendency of the appeal. To the same effect is *State v. Jacobs*, 242 Md. 538, 540-41, 219 A. 2d 836, 837 (1966). *Tiller, Jones,* and *Jacobs,* all *supra,* are clearly distinguishable, however, because each involved a situation where further proceedings were commenced in the very case in which an appeal had been taken.

Irvin places principal reliance on *Anderson v. Superior Court of Solano County*, 59 Cal. Rptr. 426, 428 P. 2d 290 (1967) as authority for the proposition that if an appeal is taken from the dismissal of an accusatory pleading, and a new pleading is then filed charging the same offense, the prosecution must elect between the two courses of action before the accused can be brought to trial.[3]

3. Cases dealing with the effect of the entry of an appeal are collected in

In reaching this result, the Supreme Court of California indicated that it had chosen a course designed to minimize the possibility of harassment. We are of the firm opinion that the same result was reached here when the State, having reindicted Irvin, elected to proceed to trial under the new indictment. Once evidence was received by the trial judge, jeopardy attached, and Irvin could neither be reindicted for the same offense nor tried on the first indictment, *Blondes v. State*, 273 Md. 435, 443-44, 330 A. 2d 169, 173-74 (1975) and cases there cited.[4] Thus, the appeal was neutralized as effectively as it would have been by the entry of an order of dismissal.

It is well established that the State may enter a *nolle prosequi* as to an indictment at any time before jeopardy attaches and that the defendant may be reindicted for the same offense, *Blondes v. State, supra.*

There is no question but that a criminal defendant may be indicted more than once for the same offense, *United States v. Ewell*, 383 U. S. 116 (1966); *United States v. Tateo*, 377 U. S. 463 (1964); *Barnes and Burgess v. State*, 1 Md. App. 123, 126-27, 227 A. 2d 763, 765-66 (1967); 41 Am.Jur.2d *Indictments and Informations* § 29, at 898 (1968), and that any irregularity in a prior indictment may be corrected in a later indictment upon which a defendant may be tried, *Greathouse v. State*, 5 Md. App. 675, 685, 249 A. 2d 207, 214-15 (1969); *Lievers v. Warden of Md. Penitentiary*, 210 Md. 670, 674, 124 A. 2d 844, 845 (1956).

If an indictment is dismissed, the order is a final judgment as regards *that* indictment, *State v. Hodges*, 55 Md. 127 (1880); *State v. Wade*, 55 Md. 39 (1880); and is appealable, *State v. Buchanan*, 5 H. & J. 317 (1821); Maryland Code (1974), § 12-302 (c) of Courts and Judicial Proceedings Article.[5] If the State appeals, the indictment

24A C.J.S. *Criminal Law* § 1716, at 73-83 (1962). Because there is a wide divergence of views in other jurisdictions, and because we regard our law as well settled, we are unpersuaded by the cases upon which Irvin relies.

4. The State makes much of the fact that the new indictments differed from the old since different facts are alleged. In view of the result we reach, we need not consider this point.

5. At the time of trial, the same provision appeared in Code (1957, 1968 Repl. Vol.), Art. 5, § 14.

which was dismissed comes within the exclusive jurisdiction of the appellate court, but not an indictment which may be returned later. It seems to us that this is made clear in *Raimondi v. State*, 8 Md. App. 468, 475, 261 A. 2d 40, 43-44 (1970):

> "The Court of Appeals has held that the perfecting of an appeal brings *the subject matter thereof* within the exclusive jurisdiction of the appellate court and suspends the authority of the lower court over it during the pendency of the appeal; that the lower court lacks jurisdiction to take any further action in the case *with respect to the subject matter of the appeal* until the receipt of the mandate of the appellate court, after the appeal has been heard and decided." (emphasis supplied).

We agree with the Court of Special Appeals that *Raimondi* must be read as meaning that the trial court loses jurisdiction over the particular indictment which is the subject of the appeal, *Jones v. State, supra,* 214 Md. 525, 136 A. 2d 252. It is not necessarily deprived of jurisdiction to try the accused on a new and subsequent indictment based on the same or related facts unless there is oppression or harassment, *Greathouse v. State, supra,* 5 Md. App. at 687-88, 249 A. 2d at 215-16, and there was none here.

> *Judgment of Court of Special Appeals affirmed; costs to be paid by appellant.*