ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* STEPHEN L. MILES

[Misc. Docket (Subtitle BV) No. 19, September Term, 1975.]

*Decided July 14, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ORTH, JJ., and RICHARD P. GILBERT, Chief Judge of the Court of Special Appeals and JERROLD V. POWERS, Associate Judge of the Court of Special Appeals, specially assigned.

*L. Hollingsworth Pittman, Bar Counsel,* for petitioner.

*Arnold M. Weiner* for respondent.

DIGGES, J., delivered the opinion of the Court.

In January 1976, petitioner Attorney Grievance Commission of Maryland filed in this Court a petition for disciplinary action against respondent Stephen L. Miles, a member of the bar of Maryland since 1969. The petition was predicated upon three charges of professional misconduct: (i) that Miles, in concert with Robert Frank, a former member of the Maryland bar, in June of 1973 had destroyed a tape

cassette containing conversations between Miles and John E. (Liddy) Jones, which was relevant to the Baltimore County Grand Jury's investigation of charges of alleged corruption in the office of the Baltimore County State's Attorney; (ii) that Miles, in July 1972, at the request of Stuart Hirsch, a former member of the Maryland bar, who at the time was Deputy State's Attorney for Baltimore County, had signed his name as counsel to a petition prepared by Hirsch on behalf of Kneass Chester Harrington, which had as its purpose the expungement of Harrington's arrest records, at a time when Miles had never met Harrington and had not been retained by him; [1] and (iii) that Miles, in December 1972, had undertaken to represent Larry S. Portney in a criminal matter in the Circuit Court for Baltimore County for a fee of $500, of which $100 was paid as a retainer, the balance to be paid before trial; that the balance was paid in April 1973, and that shortly thereafter, Miles told Portney that the criminal charges would be dropped if an additional fee of $500 were paid, when, in fact, the charge had been nolle prossed in March of 1973.

In February 1976, as provided by Maryland Rule BV9, we referred the matter for hearing and determination to a three-judge panel consisting of The Honorable Shirley B. Jones of the Eighth Judicial Circuit, The Honorable Edward D. Higinbothom of the Third Judicial Circuit, and The Honorable Martin A. Kircher of the District Court of Maryland. After an evidentiary hearing, the panel filed its Findings and Recommendation. It concluded in respect to the first charge, the "tapes matter," that while there was no question that Miles and Robert Frank had destroyed the tape, there was no credible evidence that Miles knew or should have known at the time the tape was destroyed that it was being sought by the Grand Jury. Regarding the second charge, "the Harrington matter," the panel concluded

---

1. For somewhat more detailed versions of the incident, see Maryland State Bar Ass'n v. Hirsch, 274 Md. 368, 372-73, 335 A. 2d 108, 110-11, *cert. denied*, 422 U. S. 1012 (1975); Green v. State, 25 Md. App. 679, 682-84, 337 A. 2d 729, 731-32, *cert. denied*, 275 Md. 749 (1975); Irvin v. State, 23 Md. App. 457, 459-60, 328 A. 2d 329, 331-32 (1974), *aff'd*, 276 Md. 168, 344 A. 2d 418 (1975).

that Miles' signing the petition for expungement under the circumstances constituted a violation of Disciplinary Rule 1-102 (A) (4), which provides: "A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." In considering the third charge, "the Portney matter," the panel concluded that the determination of that issue depended upon the credibility of the witnesses and found the testimony of Norman Portney, the father of Larry Portney, the criminal defendant, to be "convincing, consistent and ... credible." Based on this testimony, the panel determined that Miles' conduct was a violation of subsections (3), (4), (5), and (6) of Disciplinary Rule 1-102 (A)[2] and of Disciplinary Rule 9-101 (C).[3] The panel recommended the dismissal of charges in the tapes matter, but based on the evidence before it in the Harrington and Portney matters, recommended that the respondent be disbarred.

Miles excepted to the recommendation of the three-judge panel, and his exceptions were considered by this Court on October 22, 1976. By then, there had become available, as a result of criminal proceedings in the United States District Court for the District of Maryland involving the bombing of an automobile belonging to one Joseph Dobb, information that Norman Portney was implicated in an attempt to extort $2,000 from Dobb in return for the identification of his assailant. We granted Miles' motion that the disciplinary case be remanded to the three-judge panel for consideration in the light of the newly discovered evidence, and ordered a remand "for further proceedings including the consideration of such additional evidence as may be introduced by counsel

---

2. Those pertinent subsections provide that a lawyer shall not:

   (3) Engage in illegal conduct involving moral turpitude.
   (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
   (5) Engage in conduct that is prejudicial to the administration of justice.
   (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

3. That rule reads: "A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official."

for the respondent and Bar Counsel on any of the charges heretofore considered . . . ."

After an evidentiary hearing, the panel filed its second Findings and Recommendation, noting that no additional evidence had been presented regarding either the tapes matter or the Harrington matter. As a consequence, the panel reaffirmed the factual determinations set forth in its original Findings and Recommendation as to both charges. With respect to the Portney matter, the panel concluded that the additional evidence presented at the hearing on remand "cast considerable doubt on the validity of the testimony of Norman Portney," found that "his reputation for veracity ha[d] been impugned" and concluded that "allegations as to the Portney matter ha[d] not been established by clear and convincing evidence." The panel renewed its recommendation that the charges in the tapes matter be dismissed. It also recommended that the charges in the Portney matter, in view of the new evidence, be dismissed, and that Miles be reprimanded for his conduct in the Harrington matter.

Exceptions to the second Findings and Recommendation were filed by both parties. On the one hand, Miles objected to the recommendation that he be reprimanded for his participation in the Harrington matter. On the other hand, the Commission excepted to the finding that Norman Portney's credibility had been impugned, and to the recommendation that Miles be reprimanded, a sanction which the Commission wished to elevate to disbarment or suspension. Bar Counsel did not, however, object to the recommendation in the tapes matter, and in fact requested that those charges be dismissed.

Under the circumstances, we are quite satisfied to accept the panel's recommendation that the charges in the Portney matter be dismissed. We agree that the credibility of Norman Portney has been impugned, and that without his testimony, the charges are not supported by clear and convincing evidence, as required by Rule BV10 d. *See Maryland State Bar Ass'n v. Hirsch,* 274 Md. 368, 374, 335 A. 2d 108, 112, *cert. denied,* 422 U. S. 1012 (1975); *Maryland State Bar Ass'n v. Frank,* 272 Md. 528, 538-39, 325 A. 2d 718,

724 (1974); *Bar Ass'n v. Marshall,* 269 Md. 510, 515-16, 307 A. 2d 677, 680-81 (1973). However, we are unable to conclude that Miles' participation in the Harrington matter was a violation of DR 1-102 (A) (4) which prohibits a lawyer from engaging "in conduct involving dishonesty, fraud, deceit, or misrepresentation." When Miles signed the petition for expungement prepared by Hirsch his conduct was not dishonest, fraudulent, or deceitful. Additionally, he was not shown to be guilty of any misrepresentation. There is no evidence in the record indicating that Miles filed the expungement petition without Harrington's express knowledge and approval. The only evidence bearing on this issue was a stipulation by Miles that he "signed the petition for expungement, that he did so as a favor for Stuart Hirsch, that he received no consideration, that he subsequently refused upon Hirsch's request to open a file on this matter, and cooperated in proceedings against Hirsch." In view of this lack of evidence, the only permissible inference is that Miles had authority to act on behalf of Harrington. *See also Irvin v. State,* 23 Md. App. 457, 465-66, 328 A. 2d 329, 334-35 (1974), *aff'd,* 276 Md. 168, 344 A. 2d 418 (1975) (Harrington testimony indicating awareness and approval of Miles' representation of him). As our predecessors emphatically stated: "This Court has held in a long line of cases that whenever the appearance of an attorney is entered of record, it is always presumed as done by the authority of the party for whom the attorney professes to act . . . ." *Margos v. Moroudas,* 184 Md. 362, 371, 40 A. 2d 816, 820 (1945); *see* Md. Rule 124 a 1 (filing of pleading constitutes appearance); *cf. Bethlehem Steel Corporation v. Devers,* 389 F. 2d 44, 45 (4th Cir. 1968). There was no overcoming of this presumption here.

Since we find no reason to reject the panel's recommendation that the charges in the tapes and Portney matters be dismissed, and since we conclude there is no evidence to support the charges upon which the panel's recommendation in the Harrington matter is based, the petition against Miles must be dismissed.

*It is so ordered.*