655 A.2d 55

**STATE of Maryland**

v.

**Susan Hope PAGANO.**

**No. 1100, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

March 7, 1995.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Frank R. Weathersbee, State's Atty. for Anne Arundel County of Annapolis, on the brief), for appellant.

Margaret A. Mead (Roland Walker and Walker and Van-Bavel, P.A., on the brief), Baltimore, for appellee.

Argued before BISHOP, ALPERT and SALMON, JJ.

BISHOP, Judge.

A grand jury indictment filed in the Circuit Court for Anne Arundel County charged appellee, Susan Hope Pagano, with misconduct in office (Count I), and obstruction of justice (Count II). After considering appellee's motion to dismiss both counts of the indictment, the circuit court dismissed Count II. Appellant, the State of Maryland, filed a motion for reconsideration of the dismissal of Count II, which the court denied. The State entered a *nolle prosequi* as to Count I.

## Issue

The State presents a single issue: Did the trial court properly dismiss Count II, obstruction of justice?

## Facts

Appellee was employed as a teacher at the Ruth Parker Eason School, a public school in Anne Arundel County. On December 10, 1993, during the school day, appellee placed a severely handicapped teen-aged girl, who was required to use a wheelchair, in a closed storage closet for over three hours. Later that day, appellee contacted the student's father, informing him that his daughter was creating problems at school and, therefore, was being sent home. At home, the father noticed a red mark, scratches, and blood on his daughter's arms. The father took his daughter to the hospital emergency room. The attending physician diagnosed the marks and scratches as "grappling marks" which could not have been self-inflicted. The physician suspected child abuse and report-

ed that suspicion to the Anne Arundel County Police Department.

The police interviewed appellee, who denied seeing or having any knowledge of the marks and scratches on the student's arms. Prior to her interview with police, appellee met with her aides and asked them not to mention the marks on the student's arms or the fact that appellee had put the student in the closet. The aides initially complied with appellee's request; however, one of the aides told appellee that she was going to inform the school principal of appellee's conduct. Appellee then admitted to the principal that she and her aides had lied to the police. Appellee told the police that she did put the student in a closet, and thought that the student may have received the marks and scratches on her arms during the time she was in the closet. Appellee admitted to the police that she had asked her aides to lie.

Appellee moved to dismiss the obstruction of justice charge, arguing that, because her conduct obstructed the police investigation at a time when there was no judicial proceeding pending, she could not be found guilty of obstruction of justice, as a matter of law. The circuit court granted appellee's motion, stating:

> The Defendant argues that Count 2 must be dismissed because the wrongs alleged did not occur while there was a pending judicial proceeding involving the alleged events. In support, they offer case law from other jurisdictions which interpret similar statutes in their favor. The State relies on *Mayne v. State*, which upheld an Article 27 Section 27 conviction for wrongs committed before judicial proceedings had commenced. 45 Md.App. at 483, 414 A.2d 1 (1980).

> The Court has reviewed the statute and relevant case law, and holds that the relevant statute only proscribes acts committed after there has been some judicial action. The *Mayne* decision did not reach the issue currently before the Court. More importantly, the statute itself only proscribe [sic] acts that interfere with a pending judicial proceeding. The Court believes the word "therein" contained in the

statute is not surplusage, but relates back to the phrase "of any court." Therefore, the statute applies only after there has been some court involvement.

## Discussion

The court dismissed the obstruction of justice charge against appellee on the ground that Md.Ann.Code art. 27, § 26 (Supp.1994) ("Section 26") (formerly Md.Ann.Code art. 27, § 27; *see* 1994 Md.Laws 712), requires the existence of a pending judicial proceeding as the object of obstruction. Section 26 provides:

If any person by corrupt means or by threats or force endeavors to influence, intimidate, or impede any juror, witness, or court officer of any court of this State in the discharge of his duty, or by corrupt means or by threats or force obstructs, impedes, or endeavors to obstruct or impede the due administration of justice therein, he is liable to be prosecuted, and on conviction to be punished by fine not exceeding $10,000, or by imprisonment not exceeding 5 years, or both, according to the nature and aggravation of the offense.

Appellee cites *Romans v. State,* 178 Md. 588, 16 A.2d 642 (1940), *cert. denied,* 312 U.S. 695, 61 S.Ct. 732, 85 L.Ed. 1131 (1941), in which the Court of Appeals explained:

[Section 26] is in aid and definition of a class of those criminal acts which are known to the common law as obstructions of justice.... Thus the particular acts are not specified but, whatever they may be, if the acts be corrupt, ... used in an attempt to influence, intimidate, or impede any juror, witness or officer in any court of the state in the discharge of his duty, there is an obstruction of justice. Likewise, if by acts of similar quality and nature the due administration of justice in any court shall either be impeded or obstructed or be so attempted, there is an obstruction of justice.

*Id.* at 592, 16 A.2d 642. In *Romans,* the Court indicated that obstructions of justice are acts that either frustrate the due

administration of justice in a court proceeding or intimidate those charged with administrating justice in a court proceeding; *i.e.*, jurors, witnesses, or court officials.

The State contends, however, that recent cases indicate that a judicial proceeding does not have to be pending in order for a person to be guilty of obstructing justice. Specifically, the State relies on the holdings of *Irvin v. State*, 23 Md.App. 457, 328 A.2d 329 (1974), *aff'd on other grounds*, 276 Md. 168, 344 A.2d 418 (1975), and *Mayne v. State*, 45 Md.App. 483, 414 A.2d 1, *cert. denied*, 288 Md. 739 (1980), *cert. denied*, 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981), to support its position; however, the State's reliance on these two cases is misplaced.

In *Irvin*, the appellant was convicted of *conspiracy* to obstruct justice. As this Court explained, " 'the gist of a conspiracy is the entering into of the illegal scheme or design, and once this occurs, the crime is complete without the doing of an overt act.' " *Irvin*, 23 Md.App. at 467, 328 A.2d 329 (quoting *Price v. State*, 4 Md.App. 701, 704, 244 A.2d 900 (1968)). Therefore, in *Irvin*, whether a judicial action was pending was irrelevant because the charge against the appellant was conspiracy to do an illegal act (obstruct justice), not obstruction of justice.

In *Mayne*, the appellant received a five-year sentence for attempted obstruction of justice. Appellant admitted to police that, prior to their arrival at the scene of his wife's suicide, he disposed of the knife his wife used to kill herself and replaced it with another knife. The appellant argued that, because suicide is not a crime in Maryland, he could not be convicted of obstruction of justice. We held that

> [u]nder *Md.Code*, Art 22, § 6, a medical officer, the police officers and the State's Attorney are charged with the investigation of any death that is suspicious or unusual whether or not a crime has been committed. Appellant's actions in substituting the knife and giving false reports to the police department would have obstructed justice whether or not suicide is a crime in Maryland or whether or not

**118**

the wife committed suicide in the instant case. *See Md. Code, Art. 27, § [26].*

*Mayne,* 45 Md.App. at 488, 414 A.2d 1.

The State argues that because of our statement in *Mayne,* that the appellant's misleading actions would have obstructed justice, a charge under § 26 does not require a pending judicial action. In *Mayne,* however, we did not decide the issue of whether § 26 requires a pending judicial action. Rather, we decided whether appellant "could ... have been convicted of an attempt to obstruct justice if his wife committed suicide, because suicide is not a crime in Maryland." *Id.* at 488, 414 A.2d 1. There was no issue raised, as in the case *sub judice,* whether a pending court proceeding was a necessary *sine que non* to the crime of obstruction of justice. The *Mayne* court, however, remarked that the appellant's actions would have constituted an obstruction of justice regardless of the criminal nature of suicide in Maryland.

Section 26 provides that anyone who by corrupt means or by threats or force endeavors to influence, intimidate, or impede a court officer in the discharge of his duty in any court of this state, is guilty of obstructing justice. We recognize that in *Mayne,* the State's Attorney was charged by statute to investigate the victim's suicide and that the appellant's actions impeded the State's Attorney in his duty to determine the nature of the victim's death.

In *United States v. McComb,* 744 F.2d 555, 560 (7th Cir. 1984), the Court stated: "The parties agree that a prerequisite for a conviction for obstruction of justice is the pendency of a judicial proceeding which equates to an 'administration of justice.'" A grand jury investigation is such a proceeding. (Citation omitted.) A State's Attorney's investigation is directed toward the filing of either a criminal information or the proposing of an indictment to a grand jury and, it is therefore analogous to a grand jury investigation which *McComb* held to be "a judicial proceeding which equates to an 'administration of justice.'" *Id.* Clearly, the case *sub judice* did not involve a State's Attorney's investigation.

The holding in *Pennington v. State*, 308 Md. 727, 521 A.2d 1216 (1987), crystallizes our interpretation of § 26 in *Mayne*. In *Pennington v. State*, the Court of Appeals stated that an obstruction of justice is a criminal act in which the victim is the court. *Id.* at 735, 521 A.2d 1216. The Court cited *Romans v. State*, 178 Md. 588, 16 A.2d 642 (1940), which held that

> it is quite clear that the corrupt act, or one of threat or force, employed to influence or intimidate or impede any such juror, witness, or officer *in the discharge of his duty in a court*, must necessarily be, also, an endeavor to obstruct or impede *in such court* the due administration of justice.

*Id.* at 592, 16 A.2d 642 (emphasis added). As restated in *Pennington*, the obstruction of justice, as codified in § 26, is a criminal act against the court that impedes the due administration of justice *in such court*. Because an obstruction of justice targets the court as its victim, it follows that a court proceeding must be pending. Without a court proceeding, no impediment to the due administration of justice within that court can exist.

In *State v. Pari*, 546 A.2d 175, 180–81 (R.I.1988), the Supreme Court of Rhode Island construed, for the first time, its state's obstruction of justice statute. Noticing that the language of Rhode Island's obstruction of justice statute was patterned closely after the federal obstruction of justice statute, 18 U.S.C. § 1503 (Supp.1992), the Supreme Court of Rhode Island concluded that its legislature intended "[Rhode Island] to follow the federal statutory scheme." *Id.* According to the Court in *Pari*,

> Federal courts interpreting § 1503 have held that "prerequisite for a conviction of obstruction of justice is the pendency of a judicial proceeding which equates to an 'administration of justice.' " A grand jury proceeding is such a judicial proceeding. No case interpreting § 1503 has ever extended it to conduct that was not aimed at interfering with a pending judicial proceeding. The obstruction of a government agency's investigation will not trigger an application of § 1503. "Thus, for example, the obstruction of an

investigation that is being conducted by the FBI or by any similar governmental agency or instrumentality, does not constitute a § 1503 violation because such agencies are not judicial arms of the government 'administrating justice.' "

*Id.* at 181 (quoting *United States v. Simmons,* 591 F.2d 206, 208 (3d Cir.1979)).

18 U.S.C. § 1503 states:

Whoever corruptly or by threats or force, or by threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commission or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

Because our obstruction of justice statute is also patterned after § 1503, we conclude that our legislature intended us to follow the federal statutory scheme. Although the federal statute does not use the term "therein" to qualify "the due administration of justice," federal courts have determined that only conduct aimed at interfering with a pending judicial proceeding constitutes a violation of § 1503. Section 26 communicates the requirement of a pending judicial proceeding in more conclusive terms than the federal statute. In § 26, the use of the term "therein" relates back to "any court of this state." Therefore, in addition to interference with the duties of a juror, witness, or court officer, an obstruction of justice includes interference with the due administration of justice "in any court of this state." Interference with a preliminary

police investigation is conduct aimed at impeding a proceeding sanctioned by the executive arm of the government, and, therefore, § 26 does not encompass such conduct.

The General Assembly amended § 26 in 1981 for the purpose of

> redefining the offense of obstruction of justice and improper interference with court officers, jurors, and witnesses; *removing the requirement that the crime of obstruction be charged by indictment;* clarifying language; and making stylistic changes.

1981 Md.Laws 274. As amended in 1981, § 26 states that one who

> ENDEAVORS to influence, intimidate, or impede any juror, witness, or COURT officer [in] OF any court of this State in the discharge of his duty, or [shall corruptly] BY CORRUPT MEANS or by threats or force [obstruct] OBSTRUCTS [or impede], IMPEDES, or [endeavor] ENDEAVORS to obstruct or impede[,] the due administration of justice therein,

is liable to be prosecuted for obstruction of justice. This amendment demonstrates that the offense of obstruction of justice concerns acts that impede the due administration of justice during the pendency of a judicial proceeding. Md.Ann. Code art. 27, § 26 (Supp.1994).

As the Court stated in *Pari,* the federal obstruction of justice statute, § 1503, addresses only conduct aimed at interfering with a pending judicial proceeding. *Pari,* 546 A.2d at 181. In light of the federal statutory scheme and the comparable language used by Maryland's General Assembly in § 26, we hold that § 26 may not be extended to actions that do not interfere with pending judicial proceedings. In the case *sub judice,* the preliminary police investigation did not amount to a judicial proceeding. *See id.* (stating that "the obstruction of an investigation that is being conducted by the FBI or by any similar governmental agency or instrumentality" does not constitute an obstruction of justice under § 1503.)

The State also contends that appellee's assertion, that the indictment should be dismissed because appellee's unlawful acts occurred prior to the institution of judicial proceedings, is "an argument on the sufficiency of evidence, which should have been made by motion for judgment of acquittal." At the motion hearing, however, the State did not argue that appellee's motion to dismiss the charge for obstruction of justice was not an issue properly before the court, nor did the State argue that the motion to dismiss involved a sufficiency of the evidence issue. "The State may not lead the defendant and the trial court down a primrose path, only to leave them stranded when, on appeal, the State deems it advantageous to change its strategy." *State v. Bell*, 334 Md. 178, 191, 638 A.2d 107 (1994).

Regarding its sufficiency of the evidence argument, the State asserts, for the first time on appeal, that the determination of whether appellee's conduct occurred prior to the institution of judicial proceedings depends upon the sufficiency of the evidence. The State maintains that it should not have to prove its case prior to trial. In its argument at the motion hearing, however, the State conceded that there was no judicial action pending at the time appellee and her aides lied to the police. We, therefore, perceive no merit in the State's assertion that the issue of whether § 26 encompassed appellee's conduct was not properly before the trial court.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.**