669 A.2d 1339

**STATE of Maryland**

v.

**Susan Hope PAGANO.**

**No. 69, Sept. Term, 1995.**

Court of Appeals of Maryland.

Jan. 16, 1996.

130

Kathryn Grill Graeff, Assistant Attorney General, (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for petitioner.

Margaret A. Mead (Roland Walker, Walker & Van Bavel, P.A., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

MURPHY, Chief Judge.

The issue in this case is whether lying to a police officer during an investigation and before the initiation of judicial proceedings and instructing others to do the same constitutes an obstruction of justice under Maryland Code (1957, 1992 Rep.Vol., 1995 Supp.) Article 27, § 26. That section provides:

Intimidating or corrupting jurors, etc.; obstructing justice.

If any person [1] by corrupt means or by threats or force endeavors to influence, intimidate, or impede any juror, witness, or court officer of any court of this State in the discharge of his duty, or [2] by corrupt means or by threats or force obstructs, impedes, or endeavors to obstruct or impede the due administration of justice *therein,* he is liable to be prosecuted, and on conviction to be punished by fine not exceeding $10,000, or by imprisonment not exceeding 5 years, or both, according to the nature and aggravation of the offense.

(emphasis added).

## I

According to the agreed statement of facts, Amy Haslup is a student who suffers from cerebral palsy. She is confined to a wheelchair and has little control over her body. She is blind and has the mental capacity of an infant.

Susan Pagano was Amy's teacher at the Ruth Parker Eason School in Glen Burnie, Maryland. On December 10, 1993, Pagano placed Amy in a storage closet after she "fussed" when a teacher's aide tried to remove her coat. Amy remained in the closet for over three hours. Pagano then called Amy's father who sent relatives to bring Amy home. When Amy's father and relatives noticed a red mark, scratches, and blood on Amy's arms, they brought her to the hospital. The attendant physician in the emergency room concluded that the marks on Amy's arms could not have been self-inflicted and reported the possible child abuse to the Anne Arundel County Police.

Pagano told her two teacher's aides to lie to the police and not mention the marks on Amy's arms or Pagano's putting Amy in a closet. On December 20, 1993, the police interviewed Pagano. She denied having any knowledge of Amy's injuries and stated that nothing unusual happened that day. The teacher's aides also lied to the police.

When one of the aides threatened to tell the truth, Pagano admitted to the principal that she had lied and told her aides to lie. On January 3, 1994, Pagano told the police she did not report Amy's injuries because she was afraid of Amy's father. She subsequently admitted that she put Amy in a closet and that she had lied and told her aides to lie to the police.

Pagano was indicted in the Circuit Court for Anne Arundel County for the common law crime of misconduct in office and for obstruction of justice. Pagano filed a motion to dismiss both counts of the indictment. At the June 8, 1994 hearing on Pagano's motion before Judge Chester Goudy, Pagano argued that a person can be charged with obstruction of justice only if there is a judicial proceeding pending and that obstructing or impeding a police investigation, absent such a judicial proceeding, cannot constitute obstruction of justice under Article 27 § 27.[1] The trial court reserved its decision, and on June 10, 1994 granted Pagano's motion to dismiss the obstruction of justice charge. The court stated:

> The Court has reviewed the statute and relevant case law, and holds that the relevant statute only proscribes acts committed after there has been some judicial action. The *Mayne* [*v. State,* 45 Md.App. 483, 414 A.2d 1 (1980) ] decision did not reach the issue currently before the Court. More importantly, the statute itself only proscribes acts that interfere with a pending judicial proceeding. The Court believes the word "therein" contained in the statute is not surplusage, but relates back to the phrase "of any court."

---

1. In 1994, § 27 was renumbered and is now § 26. Ch. 712 of the Acts of 1994. Throughout this opinion, we will refer to the current and prior forms of the obstruction of justice statute as § 26.

Therefore, the statute applies only after there has been some court involvement.

The state entered a nolle prosequi on the misconduct in office charge on June 30, 1994 and appealed the dismissal of the obstruction of justice charge. The Court of Special Appeals affirmed the trial court's judgment. *State v. Pagano*, 104 Md.App. 113, 655 A.2d 55 (1995). We granted certiorari to determine whether Pagano's alleged actions constitute obstruction of justice under § 26.

## II

In construing the meaning of a word in any statute, "the cardinal rule is to ascertain and carry out the real legislative intention. The primary source of legislative intent is, of course, the language of the statute itself." *Tucker v. Fireman's Fund Insurance Co.*, 308 Md. 69, 73, 517 A.2d 730 (1986). In some circumstances, we need not look beyond the statutory language to determine the legislative purpose. "Sometimes the language in question will be so clearly consistent with apparent purpose (and not productive of any absurd result) that further research will be unnecessary." *Kaczorowski v. Mayor and City Council of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987); *see also Morris v. Prince George's County*, 319 Md. 597, 603, 573 A.2d 1346 (1990). Nonetheless, "[t]he 'meaning of the plainest language' is controlled by the context in which it appears...." *Kaczorowski, supra*, 309 Md. at 514, 525 A.2d 628. We may always consider evidence of legislative intent beyond the plain language of the statute. *Id.* at 514–15, 525 A.2d 628.

The State contends that Pagano's alleged actions violated the second prong of § 26 by "obstruct[ing] ... the due administration of justice." The term "therein" in the second prong of § 26, the State contends, refers "generally to the legal system of justice." Pagano's actions, it argues, are, therefore, prohibited by the second prong of the statute. We disagree. The State's proposed interpretation conflicts with

the plain language of the statute, the legislative intent, and prior cases interpreting this and similar statutes.

■ We seek to read statutes "so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory." *Montgomery County v. Buckman,* 333 Md. 516, 524, 636 A.2d 448 (1994). By the State's interpretation, the term "therein" is unnecessary. By the plain language of the statute, however, the term "therein" refers to "any court of this State." *See State v. Pagano, supra,* 104 Md.App. at 115, 120, 655 A.2d 55. The statute, therefore, prohibits obstruction of the administration of justice in the courts. Since courts administer justice through judicial proceedings, the second prong, ordinarily, prohibits only actions aimed at obstructing or impeding a pending judicial proceeding. Likewise, since the duties of jurors, witnesses, and court officers usually arise in relation to judicial proceedings, the first prong also, ordinarily, requires a pending judicial proceeding. Thus, Pagano's actions do not fall within the meaning of § 26 because there was no judicial proceeding pending at the time of her actions.

The legislative history supports this interpretation of the statute. Section 26 was enacted by Chapter 450 of the Acts of 1853 in a bill entitled "AN ACT declaratory of the law concerning contempts of Court." Section 1 of the act limited the power of the courts to hold people in contempt to cases of "misbehaviour . . . in the presence of the said courts, or so near thereto as to obstruct the administration of justice. . . ." Section 2 of the act was very similar to the current § 26.[2]

---

2. Section 2 read:

That if any person or persons shall corruptly, or by threats or force, endeavor to influence, intimidate or impede any juror, witness or officer in any court of this State, in the discharge of his duty, or shall corruptly, or by threats or force, obstruct or impede, or endeavor to obstruct or impede the due administration of justice therein, every person or persons so offending shall be liable to be prosecuted therefor by indictment, and shall on conviction thereof be punished by fine, not exceeding five hundred dollars, or by imprisonment not

The terms "administration of justice," as used in § 1 of the act, clearly required some nexus to the courts. It is reasonable to presume that the legislature intended the same meaning for the identical terms in § 2 of the act. *Railroad Co. v. Lichtenberg*, 176 Md. 383, 391, 4 A.2d 734 (1939), *appeal dismissed*, 308 U.S. 525, 60 S.Ct. 297, 84 L.Ed. 444 (1939). Thus, the legislature originally intended the terms "administration of justice" in § 26 to require a nexus to the court system and did not intend for those terms to refer generally to the legal system.

Amendments since 1853 have removed the requirement that violation of the statute be charged by indictment, increased the penalties, made stylistic changes, and renumbered the section. *See, e.g.*, Ch. 555 of the Acts of 1972; Ch. 274 of the Acts of 1981; Ch. 223 of the Acts of 1993; Ch. 712 of the Acts of 1994. In its 1981 amendment, the legislature amended the phrase "*in* any court of this State" to read "*of* any court of this State." (emphasis added). The State contends that this amendment indicates a legislative intent to expand the scope of the statute beyond "acts which occurred at or near a court proceeding." A more reasonable interpretation of the change is that it was intended to expand obstruction of justice to acts that do not physically occur inside a court building and was, therefore, merely stylistic. No amendment to § 26 indicates a legislative intent to broaden the scope of the statute beyond the court system.[3]

Prior cases interpreting this statute also support our conclusion that § 26 prohibits acts aimed at obstructing or impeding a pending judicial proceeding. *Romans v. State of Maryland,*

---

exceeding three months, or both, according to the nature and aggravation of the offence.

3. Article 27, § 150 prohibits making a false statement to a police officer with the "intent to cause an investigation or other action to be taken as a result thereof." In *Choi v. State*, 316 Md. 529, 560 A.2d 1108 (1989), we held that the intent element "is not satisfied when a false statement results from an interview as part of an ongoing police investigation. Rather, there must be a false report of a crime or a statement with the intent to cause other action to be taken." *Id.* at 547, 560 A.2d 1108.

178 Md. 588, 16 A.2d 642 (1940), *cert. denied,* 312 U.S. 695, 61 S.Ct. 732, 85 L.Ed. 1131 (1941), clearly limited the second prong of § 26 to the courts. In that case, the defendants were charged with obstruction of justice for allegedly attempting to get a witness to leave Baltimore City during the trial in which the witness was to testify. Discussing the obstruction of justice statute, we said that the general terms of the statute embrace various forms of obstruction. Regarding the first prong of the statute, we said:

> Thus the particular acts are not specified but, whatever they may be, if the acts be corrupt, or be threats or force, used in an attempt to influence, intimidate, or impede any juror, witness or officer in any court of the state in the discharge of his duty, there is an obstruction of justice.

*Id.* at 592, 16 A.2d 642. As to the second prong of the statute, we said:

> Likewise, if by acts of similar quality and nature the due administration of justice *in any court* shall either be impeded or obstructed or be so attempted, there is an obstruction of justice.

*Id.* (emphasis added). In conclusion, we said that an act violating the first prong would also violate the second prong.

> Furthermore, it is quite clear that the corrupt act, or one of threat or force, employed to influence or intimidate or impede any such juror, witness, or officer in the discharge of his duty in a court, must necessarily be, also, an endeavor to obstruct or impede *in such court* the due administration of justice."

*Id.* (emphasis added). Thus, *Romans* interpreted the second prong of § 26 as applying "in any court." *Id.*

■ In *Pennington v. State,* 308 Md. 727, 521 A.2d 1216 (1987), we again limited the second prong of § 26 to the courts. There, the defendant was convicted of obstructing justice for stabbing a woman in the District of Columbia to dissuade her from testifying in a trial pending in Baltimore City. We held that the Maryland courts had jurisdiction because the situs of a crime is the place where the result is

felt. *Id.* at 746, 521 A.2d 1216. While the situs of the assault was in the District of Columbia, the situs of the obstruction of justice was in Maryland because "the offense [was] against the State itself." *Id.* at 739, 521 A.2d 1216. Quoting *Romans,* we said, "[I]rrespective of the identity of the immediate victim, the ultimate victim is inevitably the court." *Id.* at 735, 521 A.2d 1216. The legislature is presumably aware of our decisions, *Harris v. State,* 331 Md. 137, 152 n. 8, 626 A.2d 946 (1993), and has had ample opportunity to expand the scope of the statute in response to *Romans* and *Pennington.*[4]

Cases interpreting the federal obstruction of justice statute, 18 U.S.C. § 1503 (1995 Supp.), are of particular relevance because the original version of § 26, Ch. 450 of the Acts of 1853, was identical to the original version of § 1503, 4 Stat. 487 (1831), and because the federal statute is still very similar to § 26.[5] *Harris, supra,* 331 Md. at 156–57, 626 A.2d 946.

---

**4.** The State relies on two cases of the Court of Special Appeals in support of its contention that § 26 does not require a pending judicial proceeding: *Irvin v. State,* 23 Md.App. 457, 328 A.2d 329 (1974), *aff'd on other grounds,* 276 Md. 168, 344 A.2d 418 (1975) and *Mayne v. State,* 45 Md.App. 483, 414 A.2d 1 (1980), *cert. denied,* 288 Md. 739, *cert. denied,* 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981). Neither case directly addressed the issue before us today. (Our opinion in *Irvin, supra,* 276 Md. 168, 344 A.2d 418 was strictly limited to an unrelated issue.) In addition, the principle that legislative acquiescence in judicial construction of a statute evidences a correct interpretation of legislative intent "has little or no applicability when the judicial construction of the statute is not by the highest court of the jurisdiction involved." *United States v. Streidel* 329 Md. 533, 551 n. 12, 620 A.2d 905 (1993); *see also In re Wallace W.,* 333 Md. 186, 198, 634 A.2d 53 (1993).

**5.** 18 U.S.C. § 1503 currently reads:

(a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by

Consistent with our holding today, federal courts have ruled that § 1503 prohibits only "interference with a pending judicial proceeding." *United States v. Brown*, 688 F.2d 596 (9th Cir.1982); *see also United States v. Aguilar*, —— U.S. ——, ——, 115 S.Ct. 2357, 2362, 132 L.Ed.2d 520 (1995); *United States v. Van Engel*, 15 F.3d 623, 627 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994). "[T]he statute is not applicable until, at the earliest, a complaint has been filed with a United States Commissioner." *United States v. Metcalf*, 435 F.2d 754, 756 (9th Cir.1970); *see also United States v. Scoratow*, 137 F.Supp. 620, 621 (W.D.Pa. 1956).

To prove a violation of the final clause, known as the "omnibus clause", of § 1503, the government must prove three elements:

(1) there must be a pending judicial proceeding; (2) the defendant must have knowledge or notice of the pending proceeding; and (3) the defendant must have acted corruptly with the specific intent to obstruct or impede the proceeding in its due administration of justice.

*United States v. Williams*, 874 F.2d 968, 977 (5th Cir.1989); *see also Pettibone v. United States*, 148 U.S. 197, 204–208, 13 S.Ct. 542, 545–547, 37 L.Ed. 419 (1893); *United States v. Wood*, 6 F.3d 692, 695 (10th Cir.1993); *United States v. Neal*, 951 F.2d 630, 632 (5th Cir.1992).

The United States Supreme Court recently ruled that obstructing or impeding an investigation by the Federal Bureau of Investigation does not constitute obstruction of justice under § 1503. *Aguilar, supra*, —— U.S. ——, 115 S.Ct. 2357. In *Aguilar*, after a grand jury had been convened, the defendant lied to the FBI during questioning which the grand jury had not authorized or directed. *Id.* at ——, 115 S.Ct. at 2361. The Supreme Court held that "uttering false statements to an

---

threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

investigating agent ... who might or might not testify before a grand jury is [not] sufficient to make out a violation of the catchall provision of § 1503." *Id.* at ——, 115 S.Ct. at 2362. Such actions do not satisfy the intent requirement because they do not have the "natural and probable effect" of interfering with a judicial proceeding. *Id.* at ——, 115 S.Ct. at 2363; *see also United States v. Tham,* 960 F.2d 1391, 1400 (9th Cir.1991); *United States v. Simmons,* 591 F.2d 206, 208 (3d Cir.1979); *United States v. Fayer,* 573 F.2d 741 (2d Cir.1978), *cert. denied,* 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978); *Scoratow, supra,* 137 F.Supp. at 622. Thus, our interpretation of § 26 is consistent with the federal courts' interpretations of the federal obstruction of justice statute.

We hold that the term "therein" in the second prong of § 26 refers to "any court of this State." Thus, the statute prohibits only actions aimed at obstructing or impeding a judicial proceeding. Pagano's alleged actions may have obstructed a police investigation, but did not violate § 26 because there was no pending judicial proceeding which she sought to obstruct or impede.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.*