705 A.2d 36

**Salvatore BATTAGLIA**

v.

**STATE of Maryland.**

**No. 257, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Jan. 28, 1998.

**350**

Michael R. Malloy, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Diane E. Keller, Asst. Atty. Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for Appellee.

Argued before HOLLANDER, SALMON and KENNEY, JJ.

KENNEY, Judge.

On December 16, 1996, appellant, Salvatore Battaglia, was convicted in a non-jury trial in the Circuit Court for Baltimore County of two counts of second degree sexual assault and one count of third degree sexual assault. On February 11, 1997, the court sentenced appellant to two concurrent eight year prison terms for each of the second degree sexual offenses and a three year concurrent prison term for the third degree sexual offense. Appellant noted a timely appeal, asking this Court to address one question:

> Did the trial court err by ruling that the prosecution did not have to prove that the electronic equipment used to intercept and record appellant's self-incriminating statement to the victim during their telephone conversation was registered in compliance with Md.Code Ann. (1989, 1996 Repl. Vol., 1997 Cum.Supp.), § 10–411 of the Courts and Judicial Proceedings Article.

We hold that the trial court did not err in ruling that proof of registration was not required prior to admitting the taped conversation into evidence. Thus, we affirm the judgment of the trial court.

## FACTUAL SUMMARY

According to the seventeen-year-old victim, he was molested by appellant on two separate occasions when he was twelve years old. The victim, however, did not inform his parents about the incidents until several years after they had occurred. The victim's parents subsequently contacted the Baltimore County Police Department, which initiated an investigation of appellant.

As part of the investigation, the police asked the victim to telephone appellant and ask him questions concerning the alleged incidents; the call was placed from police headquarters so that it could be recorded. At trial, the State offered the tape recorded conversation between the victim and appellant into evidence. Appellant objected to the playing of the tape and its introduction into evidence on the ground that the

State failed to prove that the device used to record the conversation had been registered in compliance with C.J. § 10–411. The court overruled the objection and admitted the tape into evidence.

## DISCUSSION

In Maryland, the admissibility of evidence obtained through electronic surveillance is governed by Md.Code (1989, 1995 Repl.Vol., 1997 Cum.Supp.), §§ 10–401 through 10–414 of the Court and Judicial Proceedings Article (C.J.) (the Maryland Wiretap and Electronic Surveillance Act). C.J. § 10–405 provides, in relevant part:

Whenever any wire or oral communication has been intercepted, no part of the contents of the communication and no evidence derived therefrom may be received in evidence in any trial ... if the disclosure of that information would be in violation of this subtitle.

In addition, C.J. § 10–411 provides:

(a) *In general.*— Law enforcement agencies in the State shall register with the Department of State Police all electronic, mechanical or other devices whose design renders them primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications which are owned by them or possessed by or in the control of the agency, their employees or agents. All such devices shall be registered within ten days from the date on which the devices came into the possession or control of the agency, their employees or agents.

(b) *Information required.*— Information to be furnished with such registration shall include the name and address of the agency as well as a detailed description of each device registered and further information as the State Court Administrator may require.

(c) *Serial number.*— A serial number shall be issued for each device registered pursuant to this section, which number shall be affixed or indicated on the device in question.

In light of the these two provisions, appellant contends that the trial court erred when it admitted the tape recorded conversation between appellant and the victim without requiring the State to prove that the equipment used to record the device had been registered pursuant to C.J. § 10–411.[1] In support of this contention, appellant relies on this Court's holding in *Tapscott v. State,* 106 Md.App. 109, 664 A.2d 42 (1995), *aff'd,* 343 Md. 650, 684 A.2d 439 (1996).

In *Tapscott,* we considered whether the failure of law enforcement officials to register recording equipment prior to recording a conversation precluded the recorded conversation from being introduced into evidence. In that case, unlike the present case, however, there was evidence indicating that, although the equipment was not registered before it was used to record the conversation, it was registered within ten days of being purchased, as required by the statute. We held that the trial court properly admitted the recorded conversation, stating that

> the statute mandates registration, not before the law enforcement agency uses the equipment, but 'within ten days from the date on which the devices came into the possession or control of the agency....' Therefore, because the equipment was registered within the required time frame, there was no violation of the statute.

*Tapscott,* 106 Md.App. at 133, 664 A.2d 42.

Appellant interprets the holding in *Tapscott* implicitly to require the suppression of any evidence obtained by using equipment not first registered in accordance with C.J. § 10–411. We do not agree. In fact, because the equipment used in *Tapscott* was timely registered, we did not consider the

---

1. It should be noted that at no time during these proceedings did the State concede that the equipment used to record the conversation between appellant and the victim was not registered in accordance with § 10–411. On the contrary, at trial, the State informed the court that it was prepared to verify registration of the equipment if required to do so. In addition, at the sentencing hearing, the State notified the court that the equipment was, in fact, registered in accordance with § 10–411.

appropriate sanction for failing to comply with that provision. Thus, on the issue currently before this Court, *Tapscott* provides marginal insight.

■ There being no case directly on point, we must necessarily conduct an examination of the entire Maryland Wiretap Act to ascertain and effectuate the intent of the General Assembly. *State v. Pagano*, 341 Md. 129, 133, 669 A.2d 1339 (1996) (holding that the primary source of legislative intent is the language of the statute itself). To accomplish this endeavor, we must necessarily read C.J. §§ 10–405 and 10–411 in light of the other provisions of the Act, which are relevant to the admission of evidence.

In the present case, the interception and recording of the conversation between appellant and the victim was authorized under C.J. § 10–408, which outlines the requirements for obtaining an *ex parte* order to intercept communications via surveillance equipment. In addition to establishing specific requirements for each application for an order authorizing the interception of communication, C.J. § 10–408 provides:

> (h) *Prerequisites to use contents of communication as evidence.*— The contents of any intercepted wire, oral, or electronic communication or evidence derived therefrom may not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in the courts of the State unless each party, not less than 10 days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized. Where no application or order is required under the provisions of this subtitle, each party, not less than 10 days before the trial, hearing or proceeding, shall be furnished with information concerning when, where, and how the interception took place and why no application or order was required. This 10–day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information 10 days before the trial, hearing, or proceeding and

that the party will not be prejudiced by the delay in receiving the information.

**(i) *Suppression of contents of communication; appeal from denial of application for order of approval.*—** (1) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of this State or a political subdivision thereof, may move to suppress the contents of any intercepted wire, oral, or electronic communication, or evidence derived therefrom, on the grounds that:

(i) The communication was unlawfully intercepted;

(ii) The order of authorization under which it was intercepted is insufficient on its face, or was not obtained or issued in strict compliance with this subtitle; or

(iii) The interception was not made in conformity with the order of authorization.

(2) This motion may be made before or during the trial, hearing, or proceeding. If the motion is granted, the contents of the intercepted wire, oral, or electronic communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this subtitle. The judge, upon filing of the motion by the aggrieved person, in his discretion may make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice.

 Clearly, the provisions of C.J. § 10–408 are intended to control the admission of intercepted communications into evidence, and the appropriate challenges to the admission of evidence are limited to (1) whether the communication was unlawfully intercepted; (2) whether the order authorizing interception was deficient; or (3) whether the interception was made in conformity with the order authorizing interception. Appellant does not allege that any of these criteria were violated in the present case.[2]

---

**2.** C.J. §§ 10–402 and 10–403 outline what constitutes lawful and unlawful activity under the Act, and there is no indication that the failure to

■ We hold that the registration requirement outlined in § 10–411, as the State contends, is a provision intended to facilitate administrative goals. We find nothing within the legislative history or the language of the Act to indicate that the General Assembly intended violations of this provision to result in the suppression of evidence. Therefore, the State was not required to prove that the device was registered, and the trial court did not err in admitting the evidence. It goes without saying that every device obtained to intercept and record wire, oral, and electronic communications is to be registered pursuant to Maryland law. Whether the device was registered, however, does not affect the admission of the recorded communication as evidence. Admissibility is governed by § 10–408. Thus, because the registration requirement does not affect the admission of evidence, the party seeking to introduce the recording is not required to prove the device is registered pursuant to § 10–411 before having the recording admitted into evidence.

■ Even were we to find otherwise, we would still hold that any error by the trial court in admitting the taped conversation was harmless beyond a reasonable doubt. The sole witness at appellant's trial was the seventeen year old victim. In issuing its verdict, the trial court stated:

> The evidence that I have through the testimony of [the victim] persuades me beyond a reasonable doubt that the conduct prohibited by the second degree sexual offense statute and the third degree sex offense statute occurred.

Furthermore, at the sentencing hearing, appellant's attorney requested bail, arguing that the validity of the intercepted communication constituted a meritorious appellate issue. In response to this argument, the court stated:

register equipment in accordance with § 10–411 is an unlawful activity. In addition, it would appear from the language of § 10–403(b)(4) that a primary purpose of the registration requirement is to insure that there exists a record of all devices used to intercept and record wire, oral, or electronic communications so that their use or sale can be monitored.

Well, I don't doubt for a minute that you believe there is merit [in appealing that issue]. I ruled that way because I believe it was the correct way.... No sense going back into the fact that it was clear that I believed [the victim] and the tape wasn't even necessary in this case.

We are convinced that the trial court based its verdict on the victim's testimony and not the statements appellant made on the tape. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**